Joseph E. **MAGEE**, Appellant,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, Appellee.

No. 9641.

United States Court of Appeals Fourth Circuit.

Argued Jan. 6, 1965.

Decided March 11, 1965.

---

Joseph L. Lewis, Richmond, Va. (court-assigned counsel) [Tucker, Mays, Moore & Reed, Richmond, Va., on brief] for appellant.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia (Robert Y. Button, Atty. Gen., of Virginia on brief), for appellee.

Before SOBELOFF, BRYAN, and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

The petitioner appeals from a district court order dismissing his petition for a writ of habeas corpus without a plenary hearing. Joseph E. Magee was found guilty of murder on April 12, 1961, by a jury in the Court of Hustings of the City of Portsmouth, Virginia, and received a sentence of life imprisonment. On April 14, 1961, he wrote a letter from jail to the judge who presided at his trial in which the following statement appeared: "Your honor if possible will you write me a letter and let me know if I have any rights for another trial or not." On May 1, 1961, the petitioner wrote to Norman Olitsky, an attorney who had been retained by the Magee family for the trial, and asked that he request a new trial and, that failing, note an appeal to the Virginia Supreme Court of Appeals. On May 11, 1961, Olitsky wrote the petitioner that an additional fee would be necessary before an appeal would be noted.[1] He further erroneously informed the petitioner that the time for appealing had expired.[2] On May 22, 1961, the petitioner's father wrote the trial judge with reference to his son's efforts "to seek a new trial." In the course of this letter, the father said:

> "In relation to our finances, it is not possible for us to employ another lawyer or to pay another lawyer's fee and in case you reconsider the case and grant a new trial we would appreciate your appointing a lawyer to handle the case."

The trial judge did not answer either of the letters, the statutory time for noting an appeal lapsed, and no further action was taken.

1. Olitsky's exact language was as follows: "In order to note an Appeal for your conviction, which I personally feel will not succeed, will require a fee, which I have not, as yet, received."

2. It would appear that the attorney probably intended to advise Magee that the time for filing a motion for a *new trial* had passed. We are advised by counsel that under Virginia procedure such a motion in this case had to be filed within twenty-one days afer the return of the jury's verdict. We are further advised by counsel that the time for noting an appeal in this case was sixty days after the entry of judgment.

After having exhausted his state post-conviction remedies, the petitioner filed his habeas corpus petition pro se in the United States District Court for the Eastern District of Virginia on April 17, 1964. This petition listed eight "grounds for relief," one of which was the failure of the state trial judge to appoint counsel to assist him in seeking a writ of error from the Supreme Court of Appeals of Virginia.[3] On this point, the state habeas court found

"that at the time of his communication with the presiding judge, petitioner was represented by a privately retained attorney, nor had this attorney been discharged by the petitioner; that petitioner's communication with the presiding judge did not constitute a request of the judge to appoint an attorney to prosecute petitioner's appeal to the Supreme Court of Appeals in forma pauperis."

The federal district court judge considered Magee's habeas petition on the pleadings before him and the record of the state habeas hearing. He reached the conclusion that the petitioner had received a full and fair evidentiary hearing in the state court on both his state and federal claims and that the findings and conclusions of that court on federal constitutional law issues were proper and supported by the record. He therefore dismissed the petition without a hearing, and this appeal followed.

We agree with the district court that the state habeas court conducted a full and fair evidentiary hearing on Magee's petition, but we cannot agree that the petition was properly dismissed. There can be no doubt that the petition alleged the denial of a fundamental constitutional right, i. e., the right to the assistance of counsel on appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); cf. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It is not disputed

that the petitioner did not in fact have the assistance of counsel in appealing his conviction, and we think the letter from the petitioner's father constituted a sufficient assertion of indigency to eliminate any meritorious challenge on that point. The key inquiry, therefore, is whether the petitioner properly asserted the right to have the assistance of court-appointed counsel to seek appellate review.

The state contends that the right was not properly invoked because the letters from the petitioner and his father mentioned only a new trial, not an appeal. We think, however, that these letters from laymen seeking legal aid should not be construed so narrowly. Brown v. Allen, 344 U.S. 443, 502, 73 S.Ct. 397, 97 L.Ed. 469 (1953) (separate opinion of Frankfurter, J.); Price v. Johnston, 334 U.S. 266, 292, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); Newsom v. Peyton, 341 F.2d 904 (4 Cir. 1965); Coleman v. Peyton, 340 F.2d 603 (4 Cir. 1965). The state court trial judge could not properly assume that the petitioner's trial counsel was still retained and would represent him on appeal in the face of the father's letter plainly stating that the family was without funds to employ an attorney to handle any further legal proceedings. A simple inquiry by the presiding judge of either the defendant or counsel of record would have revealed the true state of affairs.

In our opinion, the facts which were amply developed by the state habeas court do not support the conclusion that the communications by Magee and his father did not constitute "a request to the judge to appoint an attorney to prosecute petitioner's appeal in forma pauperis." The district court's ruling that there was no improper application of federal constitutional law by the state court is therefore erroneous.

At oral argument before this court recently on another appeal involving facts strikingly similar to those in this case,

---

3. Our disposition of this case makes it unnecessary for us to consider the other al-legations of an abridgment of the petitioner's legal rights.

counsel for the state asserted that if letters initially not considered as constituting a notice of appeal were held to be a timely filed notice of appeal, then the Supreme Court of Appeals of Virginia, under its recent practice, might be willing to appoint counsel for a petitioner now and consider his appeal. Newsom v. Peyton, supra. That statement of Virginia practice is applicable to the present case in view of our interpretation of the letters received by the presiding judge at Magee's trial.

The case is remanded to the district court with directions to retain it for a reasonable time in order that an application may be made to the Supreme Court of Appeals of Virginia to appoint counsel for the petitioner and make some disposition of his appeal. If the highest court of Virginia will still consider Magee's appeal, there is no need for further action in the federal courts on this case in its present posture. If, however, the state court will not now consider Magee's appeal, the district court should enter an order directing that the respondent either retry the petitioner within a reasonable time or release him.

Remanded with instructions.