# Richmond

EUGENE C. TORAN v. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

March 6, 1967.

Record No. 6326.

Present, All the Justices.

*Philip S. Walker* for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General*, on brief), for the defendant in error.

GORDON, J., delivered the opinion of the court.

■ Toran was convicted of armed robbery by the Corporation Court of the City of Newport News on June 17, 1963 and sentenced to a term of twenty years. He now appeals from an order entered by that court on February 25, 1965 denying his petition for a writ of habeas corpus, which challenged the validity of the 1963 conviction.

Toran was a juvenile when the crime was committed. After a hearing, the Juvenile and Domestic Relations Court of the City of Newport News certified Toran for criminal proceedings in the Corporation Court of the City of Newport News as if the crime had been committed by an adult. Va. Code Ann. § 16.1-176 (Repl. vol. 1960).

Toran contends that the corporation court did not acquire jurisdiction to try him because the juvenile court did not afford him the requisite hearing before certifying him for trial by the corporation court as an adult. He says that the hearing was fatally defective because the juvenile court did not appoint a guardian ad litem to represent his interests at the hearing in the absence of his parents, as required by Va. Code Ann. § 16.1-173 (Supp. 1966).

We need not decide, however, whether Toran's hearing in the juvenile court was duly held. Code § 16.1-175 sets forth a procedure that may be followed by a court of record as a substitute for a hearing before a juvenile court:

> "If during the pendency of a criminal or quasicriminal proceeding against any person in any other court it shall be ascertained that the person was under the age of eighteen years at the time of committing the alleged offense, such court shall forthwith transfer the case, together with all papers, documents and evidence connected therewith, to the juvenile court of the city or county having jurisdiction, *provided if such is pending in a court of record, the judge thereof, in his discretion upon completion of an investigation as prescribed in § 16.1-176(b), may continue with the trial thereof.* * * *"[Emphasis supplied] Va. Code Ann. § 16.1-175 (Repl. Vol. 1960).

After Toran was certified by the juvenile court for trial in the corporation court, he was indicted for armed robbery. According to the testimony in this case, Toran was tried twice on the indictment. His court-appointed counsel who represented him in the criminal proceedings said the court found Toran guilty at the conclusion of the first trial, but subsequently set aside the verdict and granted him a new

trial. The court apparently took this action upon counsel's suggestion that the Juvenile and Domestic Relations Court Law (Va. Code Ann. §§ 16.1-139, *et seq.*) had not been complied with.[1]

About four months before Toran's second trial, the corporation court entered this order: "The Court requires the full and complete investigation of the physical, mental and social condition and personality of the above named juvenile and the facts and circumstances pertaining to the violation of the law which is the cause of his being before the Court, as provided by Title 16.1-176 of the Code of Virginia." In the conviction order entered June 17, 1963, the court recorded this fact: "[T]he reports required by order of this Court entered on February 13, 1963, of the full and complete investigation of the physical, mental and social condition and personality of the said Eugene C. Toran and the facts and circumstances pertaining to the violation of the law which is the cause of his being before the Court, having been filed herein as provided by Title 16.1-176 of the Code of Virginia * * *"[2]

The record therefore shows that in proceeding with Toran's second trial, the corporation court exercised the discretionary power vested in it under Code § 16.1-175. So any question about the validity of Toran's hearing before the juvenile court is academic.

In *Peyton* v. *French*, 207 Va. 73, 147 S.E.2d 739 (1966), we held that the circuit court did not acquire jurisdiction to try a juvenile as an adult because the requirements of the Juvenile and Domestic Relations Court Law relating to preliminary hearings had not been complied with. But that case does not control this case.

In French's case, the circuit court assumed jurisdiction to try him for a felony as an adult on the basis of an illegal certification made by the juvenile court—illegal because the juvenile court did not follow

---

(1) "A [Toran's counsel]. We went to trial. After we had gone into the evidence, the Court found him guilty. I ascertained that the provisions of the statute for probation had not been *app*lied with. I think that Section is 16-176-B.
"Court: That's the juvenile?
"A [Toran's counsel]. Yes, sir.
"Court: That's right.
"A [Toran's counsel]. So we—we had pre-trial on that situation in the Judge's office and I made a motion that the verdict be set aside and we be awarded a new trial. The Court sustained the motion."

(2) The record shows that the report of the Chief Parole Officer (District #19) required by the February 13, 1963 order was filed in the clerk's office of the corporation court on February 19, 1963. Also, by order entered March 5, 1963, the corporation court committed Toran to the Central State Hospital for observation, and the Superintendent reported by letter dated May 1, 1963 that Toran was legally responsible and capable of standing trial.

the mandatory requirements of the statutes governing hearings before a juvenile court. The report furnished the juvenile court pursuant to Code § 16.1-176(b) was before the circuit court in the *French* case, but the record did not indicate that the circuit court made an independent determination pursuant to Code § 16.1-175 whether French should be tried as an adult.

In Toran's case, the corporation court directed its probation officer to furnish the report required by Code § 16.1-176(b), obviously for the purpose of enabling the court to make a determination—or, in the words of Code § 16.1-175, to exercise its discretion—whether Toran should be tried as an adult. The corporation court made this independent determination, instead of accepting the certification made by the juvenile court.

Only two other questions raised on this appeal need be mentioned, and these only briefly.

After Toran was arrested, he made an incriminating statement to a police officer, who had warned him of his "rights to make or not to make a statement". Toran argues that the statement was improperly admitted at his criminal trial because the officer did not advise him of his right to counsel when the statement was made and counsel was not present when it was made, citing *Escobedo* v. *Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.ed.2d 977 (1964). But the *Escobedo* case is not applicable for two reasons. *Escobedo* involved denial of an accused's request to consult with counsel; Toran made no such request. *Escobedo* is applicable only to persons whose trials began after June 22, 1964; Toran was tried in June 1963. *Johnson* v. *New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.ed.2d 882 (1966).[3]

Toran contends that he did not have effective assistance of counsel at his criminal trial. The record amply supports, however, the trial court's finding that he did have effective assistance of counsel.

*Affirmed.*

---

(3) Under the holding in *Johnson* v. *New Jersey*, *supra*, the rule of *Miranda* v. *Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.ed.2d 694 (1966), which might otherwise be applicable to Toran's incriminating statement, applies only to criminal trials which began after June 13, 1966.