**Jones C. ALLRED, Appellee,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellant.**

**No. 11573.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 2, 1967.

Decided Nov. 7, 1967.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellant.

Julian E. Savage, Richmond, Va., Court-appointed counsel (Minor, Thompson, Savage & Smithers, Richmond, Va., on brief), for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

The sole question presented in this habeas corpus proceeding is whether appellee, Allred, properly asserted his right to the assistance of counsel in seeking and prosecuting an appeal to the Virginia Supreme Court of Appeals from a state court conviction on a rape charge. If he did, his right to the assistance of counsel for purposes of appeal was abridged in violation of the Constitution of the United States. See Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The court below reached the conclusion that Allred as-

serted this right but we find ourselves unable to agree with that determination.

In 1949, following a conviction for rape in the Circuit Court of Franklin County, Virginia, Allred was sentenced to serve a term of eighteen years. Four years later, in 1953, he was granted a conditional pardon but in 1955 he was convicted in the same court of a similar offense for which he was sentenced to a fifteen-year term. In the following year the conditional pardon was revoked. In 1965, he completed service of his 1955 conviction. He is currently serving the remainder of his first sentence.

In the court below, Allred assigned as ground for relief the denial of assistance of counsel in obtaining and prosecuting an appeal of his 1955 conviction.[1] After a plenary hearing, the District Court found that Allred did not specifically ask for an appeal or for a new trial at the conclusion of his trial, and evidence further indicates that his court-appointed attorneys probably did not advise him of the possibility of an appeal, doubtless because they thought his trial was free of reversible error. Allred, however, insisted he had been convicted upon perjured testimony of his alleged victim and, following his removal to the penitentiary, wrote several letters to his attorneys and to the judge of the Franklin County Circuit Court. However, only one exchange of letters was before the court below.

On November 8, 1955, and within the statutory period for noting an appeal, Allred wrote to Mr. Perdue, one of his court-appointed attorneys, the letter which is set forth in its entirety in the margin.[2] The attorney replied that he thought it most unlikely that the trial court would decrease Allred's sentence—if indeed it could do so—and concluded:

" * * *. If anything at all turns up that I think will help you you may rest assured that I will notify you. For the time being I know nothing Mr. Hutcherson and I can do to aid you. As above stated, I am very sorry about your conviction and you have my deepest sympathy. I feel something will occur in the future that will relieve some of the time you have been given."

The District Court found that Allred's letter of the eighth did not specifically request assistance in prosecuting an appeal. Furthermore, the court found that Allred, his attorneys and the trial judge all had in mind the conditional pardon for the prior offense which local officials had helped him obtain. However, relying on this court's decision in Magee v. Peyton, 343 F.2d 433 (4 Cir. 1965), the lower court concluded that the letter was sufficiently broad to request aid "in every avenue open." It is not contested that when the letter was written the time within which appeal could be taken was still open.

1. As mentioned above, Allred had completed service of the 1955 conviction prior to collaterally attacking it in the court below. The District Judge was aware of this and assumed that Allred, if successful in a retrial or on a delayed appeal, would receive credit for the time he served under that sentence. The Commonwealth admits that there is no question as to the exhaustion of available state remedies.

2. First, I want to thank you and Nathan for your efforts to defend. You certainly did your best and you did well and at least I know that you presented the case based wholly on the truth for I told you the truth. As you must know, that girl lied from the beginning to the end, but I much prefer to be here as a re-sult of the lie rather than the truth. I don't know, but it seems to me something could yet be done in the matter. What do you think? I am informed that the Judge stated to you after the trial that I received too much time. And too, I stand to get more time here you know. If the Judge stated to you after the trial that I received too much time surely he should try to correct the error of the jury. As you know, I was rushed away before I had a chance to see you or Nathan, but I had hoped to hear from you. I do plan to employ an attorney to further act on this matter. Please let me know just how you look upon the case now. As to my chances of time cut, etc. Again, I thank you and Nathan lots. Sincerely, Jones C. Allred.

We agree with the lower court that the letter did not include a specific request for an appeal, but we are unable to find in the letter's broad language words which could reasonably be interpreted as a request, even by a layman, for an appeal and for assistance of counsel therein.

In *Magee*, on which the District Court based its decision and on which Allred relies on appeal, this court determined that a specific request by the prisoner's father for the appointment of counsel in the event a new trial should be granted his son was sufficiently broad to include an assertion of the right to the appointment and assistance of counsel in seeking review of his conviction. In so deciding, we followed the guidelines of earlier cases both here and in the Supreme Court to the effect that " * * * letters from laymen seeking legal aid should not be construed so narrowly." Magee v. Peyton, supra at 435.

Here, however, we agree with the Commonwealth that even this rule of broad construction does not help Allred. Clearly, all parties were thinking in terms of Allred's previous conviction and the relief offered by the conditional pardon. Nowhere do we find any evidence that Allred requested aid in, or even contemplated, further *judicial* proceedings. In communicating with his attorneys his phraseology was general, indeed vague, but that fact is not sufficient to bring his case within our rule of broad and liberal construction of a layman's request for legal aid.

Allred reminds us that the views of court-appointed counsel concerning the trial and probable outcome of an appeal are not permitted to hinder an indigent's exercise of his right to appeal. See Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963). However, he overlooks the fact that in *Lane* the prisoner clearly made known his desire to appeal and was thwarted only by the public defender's honest belief that no reversible error had been committed in his *coram nobis* hearing. Here the entire question is simply whether Allred made known his desire to appeal. Again, we think he did not. He was inquiring as to counsel's impressions following trial and as to how counsel looked "upon the case now" with respect to his "chances of time cut, etc." At the same time he advised his appointed counsel that he was planning "to employ an attorney to further act on this matter," thus leading them to believe that they were relieved of further responsibility.

We think the findings and ultimate conclusion of the court below are without requisite evidentiary support and that Allred is not entitled to habeas corpus relief.

Reversed.