Jerry COLEMAN, Petitioner,

v.

C. C. PEYTON, Superintendent Virginia
State Penitentiary, Respondent.

Civ. A. No. 68–C–15–L.

United States District Court
W. D. Virginia,
Lynchburg Division.

July 13, 1968.

Gerald L. Baliles, Asst. Atty. Gen.,
Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Jerry Colemen, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241.

On May 25, 1943, petitioner was tried before a jury in the Circuit Court of Campbell County on a charge of first degree murder. This trial resulted in a hung jury. On July 21, 1943, a second jury trial was held wherein petitioner was convicted of first degree murder and sentenced to life imprisonment. At the July 21 trial, petitioner was represented by court-appointed counsel, Mr. Sam Stowers, Jr., who is now deceased.[1]

A habeas corpus hearing was conducted by the sentencing court on May 16, 1967, Judge William W. Sweeney presiding. Petitioner was represented by court-appointed counsel at the hearing. The writ was denied by order entered June 14, 1967. On March 6, 1968 petitioner's writ of error was denied by the Supreme Court of Appeals of Virginia. The petitioner has therefore met the exhaustion of state remedies requirement of 28 U.S.C. § 2254, and it is appropriate at this time for the court to exercise its jurisdiction of petitioner's case.

---

1. While the state court records indicate that petitioner was represented by counsel at his first trial, there is no indication in the records that Mr. Stowers rep-

resented petitioner in that proceeding. Petitioner himself testifying at the state habeas corpus hearing, had no recollection of his first trial.

Petitioner seeks a writ of habeas corpus from this court upon the grounds (1) that his court-appointed counsel afforded him ineffective representation and (2) that he was denied appellate review of his conviction because of his counsel's failure to advise him of his right as an indigent to make an appeal *in forma pauperis.*

Having reviewed the transcript of the state habeas corpus hearing, the court is satisfied that petitioner r_ceived a "full and fair" evidentiary hearing on the facts relevant to the issues now presented. This satisfies the requirements of Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and the record is therefore an adequate basis for this decision.

Turning to the first allegation, petitioner testified at the state habeas corpus hearing that Mr. Stowers, his court-appointed counsel, interviewed him for the first time in the Lynchburg City Jail at 3:00 p. m. on July 20, 1943, the day before his second trial. Petitioner testified that he was told at that time that he would be tried for murder the following day. He also testified that there were no witnesses summoned for him when, according to petitioner, various witnesses should have been summoned. According to petitioner, he asked Mr. Stowers to summon one "Luke" Payne, but this was not done. Petitioner also testified that Mr. Stowers made no preparation or investigation for the trial. Finally, petitioner testified that he had no recollection of his trial of May 25, 1943.

As was pointed out in Judge Sweeney's opinion denying petitioner relief, if petitioner's testimony were accepted at face value, relief should be granted since Mr. Stowers is now deceased and not available to defend himself against petitioner's charges. A review of the record, however, convinces the court that petitioner's testimony may not be so taken. As Judge Sweeney said in his opinion, "The kindest thing I can say about petitioner's testimony is that it is in-credible; the worst thing, that it smacks of perjury."

Of course, Judge Sweeney had the opportunity to observe petitioner's demeanor at the state habeas proceeding. Even without having observed petitioner's demeanor, there are two factors which satisfy the court that Judge Sweeney was correct in reaching the conclusion just quoted. First, the version of how the killing occurred given by petitioner at the state habeas proceeding is completely at odds with petitioner's signed confession in the court records. Secondly, petitioner testified that he had no recollection of a previous trial on the same capital offense. The court records introduced into evidence, however, reveal that such a trial took place on May 25, 1943, less than a month before the trial, the validity of which petitioner now questions, and that this trial ended in a hung jury. As Judge Sweeney said in his opinion, these records "refute the petitioner's testimony and make it incredible, if not perjured."

Even if the court should accept as true petitioner's allegation that counsel failed to call certain witnesses to testify in his behalf, it has been repeatedly held that the failure of counsel to have witnesses summoned at the request of the defendant is purely a matter of judgment or trial tactics and does not go to determine effectiveness of representation. Tompa v. Commonwealth of Virginia ex rel. Cunningham, 331 F.2d 552 (4th Cir. 1964). Petitioner's charge that his court-appointed counsel afforded him ineffective representation is accordingly rejected.

Turning to petitioner's second contention, it is, of course, well settled that an indigent defendant is entitled to the assistance of counsel on direct appeal from a criminal conviction. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). It is equally clear, however, that in order for the state to become obligated to furnish assistance of counsel in perfect-

ing an appeal, the indigent defendant must exhibit to the trial judge or his counsel both a desire to appeal his conviction and a lack of funds for that purpose. See Allred v. Peyton, 385 F.2d 360 (4th Cir. 1967); Magee v. Peyton, 343 F.2d 433 (4th Cir. 1965); Newsom v. Peyton, 341 F.2d 904 (4th Cir. 1965). According to petitioner's own testimony it was not until several years after his trial that he wrote Mr. Stowers and requested an appeal. This, of course, was well after the statutory period for filing an appeal had elapsed. It is thus apparent that there is no merit to petitioner's contention that he was denied his right to an indigent's appeal.

For the reasons stated above neither of petitioner's contentions provides an adequate basis for relief, and, therefore, it is adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.