John Henry **REDMON**, Appellee,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, Appellant.

No. 13741.

United States Court of Appeals
Fourth Circuit.

Dec. 5, 1969.

John B. Gilmer, Richmond, Va., for appellee.

Edward J. White, Asst. Atty. Gen. of Va., Richmond, Va., for appellant.

PER CURIAM:

John Henry Redmon filed a petition for habeas corpus relief in the District Court, alleging that his sentence of ten years as a recidivist is invalid on the ground that certain constitutionally invalid prior convictions were used as a basis for imposing the enhanced punishment. The District Court, finding that two of the three supporting convictions were indeed obtained in violation of Redmon's constitutional rights, ordered that he be released from all restraints attributable to them, and particularly that he be released from his sentence as a third offender. The District Court further ruled, as to one of the two supporting convictions, that the State could not constitutionally retry Redmon on the underlying charge. From those rulings the respondent appeals to this court. We find that the District Court erred in its ruling as to one of the convictions and reverse the order granting relief.

The principal sentence under attack is Redmon's ten year sentence as a third offender imposed under the provisions of the Virginia recidivist statute, Va. Code § 53-293. In Redmon's petition he alleged numerous constitutional defects in the recidivist proceeding itself as well as in the convictions for substantive offenses which formed the basis for the recidivist sentence. The District Court denied relief, holding that the claims relating to the recidivist proceeding were without merit, and that the sentences for substantive convictions, having been fully served, could not be attacked in a habeas corpus proceeding. We affirmed the District Court's order relating to the recidivist proceedings, but remanded the case for consideration of the validity of the underlying convictions, holding that habeas corpus may appropriately be used to contest the validity of a fully served sentence which forms the basis for enhanced punishment as a recidivist. Redmon v. Peyton, No. 12,088, mem. dec. (4 Cir., July 22,

1968). On remand the District Court considered three of the four convictions claimed by Redmon to underlie his recidivist sentence, and found two of them to have been unconstitutionally obtained.

The convictions and sentences under attack are listed as follows: (1) a conviction for grand larceny, obtained on January 7, 1957 in the Circuit Court of Gloucester County, Virginia, and two year sentence imposed on April 2, 1957; (2) a conviction for statutory burglary, obtained on March 4, 1957, also in the Gloucester County Circuit Court, and two year concurrent sentence imposed on April 2, 1957; (3) a conviction and two year sentence for unauthorized use of an automobile, obtained on January 26, 1960 in the Gloucester County Circuit Court; and (4) a conviction and two year sentence (with one year concurrent) for unauthorized use of an automobile, obtained on January 29, 1960 in the Mathews County Circuit Court. Each of the convictions is attacked on separate grounds. Redmon contends that the first 1957 conviction is invalid in that he was without counsel when he was certified to be tried as an adult, and that the records falsely represented his age as seventeen, when he was in fact fifteen years of age.[1] The second 1957 conviction is attacked on the same grounds, and on the additional ground that he was never certified to be tried as an adult as required by Va.Code § 16.1–176 (a). This last contention was added after the case was remanded to the District Court. The 1960 Gloucester County conviction is attacked on the ground that Redmon was deprived of his right to appeal therefrom, and the 1960 Mathews County conviction is claimed to be

invalid on the ground of ineffective representation by counsel.

■ The District Court granted Redmon's petition as to the 1957 burglary conviction,[2] holding that the requirements of Va.Code § 16.1–176, relating to transfer of cases involving juvenile offenders from the juvenile courts to courts of record for trial as an adult, were not complied with, and that this non-compliance deprived the Circuit Court of jurisdiction to try him at all. The District Court further held that since Redmon is now legally an adult and cannot be placed in the same position as he was in before he was improperly tried, the State could not retry him now as an adult. We disagree for reasons stated below and, consequently, reverse the District Court on its ruling as to the 1957 burglary conviction.

The chronology of the events leading to Redmon's two 1957 convictions is of considerable importance in a consideration of their validity. On October 19, 1956 a warrant was issued against Redmon charging him with larceny of an automobile. (A second warrant charging a traffic offense was issued on October 24.) On October 31 the Juvenile and Domestic Relations Court of Gloucester County certified Redmon for trial as an adult on the larceny charge. The pertinent part of the order is as follows: "IT APPEARING TO THE COURT, from investigation, that this Juvenile should be sent to the Circuit Court for the County of Gloucester, to be there dealt with as an adult for the felony with which he is charged, the COURT DOTH SO ORDER." The record does not show the nature or extent of the investigation referred to. Counsel was appointed to represent Redmon on November 5. On

---

1. Redmon appears to have abandoned his attack on this conviction. The records of the State court show that counsel was appointed to represent him on November 5, 1956; the same attorney also represented him in connection with the second 1957 conviction. As to the representation of Redmon's age as seventeen, the records show that this error was corrected by the report dated December 28, 1956 by the

probation officer pursuant to a pre-trial investigation ordered by the trial court under the provisions of Va.Code § 16.1–176(b).

2. The District Court's order refers to the 1957 larceny conviction; however, it is clear from the context that it is the conviction for burglary which was found to be invalid.

the same day the Circuit Court ordered an investigation made of "the physical, mental and social condition and personality of John Henry Redmond [sic], and the facts and circumstances surrounding the violation of the law which is the cause of his being before this Court, pursuant to Section 16.1–176 of the Code of Virginia 1950 and amendments thereto. * * *" On January 7, 1957 Redmon entered a plea of guilty to the charge, after a copy of the investigation report had been furnished him and his counsel, and after he had been allowed to examine the officer making the report and to offer evidence in his own behalf. Imposition of sentence was suspended, and Redmon was placed on probation for a period of six months.

Less than two months later, on March 2, a warrant was issued for Redmon's arrest for a burglary committed on February 26. The case does not appear to have been referred to the Juvenile and Domestic Relations Court at any time, but was presented to the grand jury, which returned an indictment on March 4. The same attorney who had previously represented Redmon was appointed to represent him on the new charge. With the understanding that he would be formally appointed, he had previously discussed the charge with Redmon and his mother, as well as with the probation officer before the indictment was returned. On the day the indictment was returned, the matter proceeded to trial without a further investigation, and without action by the juvenile court, as explained by the record entry.

"And it further appearing to the Court that the accused was at the time the crime mentioned was alleged to have been committed under the age of 18 years but over the age of 14

years, to-wit: 16 years, born January 14th, 1941 and having before it the information required by Section 16.1–176 of the Code of Virginia, acts 1956, as shown by a copy of report of investigation made by the proper probation and parole officer of this Court in another cause pending in this Court against the said John Henry Redmond, called in said report John Henry Redmon, as case No. 944—1956, this day filed, deems any further investigation under Section 16.1–176 unnecessary."

Redmon then entered a plea of guilty to the charge of statutory burglary. On April 2 he received concurrent sentences of two years for the two offenses.

The District Court's conclusion that Redmon's conviction is void is premised on the following argument: Under Virginia law the jurisdiction of any court of record to try as an adult a person between the ages of fourteen and eighteen years is dependent entirely upon a valid certification made by a juvenile court. To be valid, such a certification must have been made after a hearing with notice to the accused and his parents, Peyton v. French, 207 Va. 73, 147 S.E.2d 739 (1966), or if his parents are unknown or dead, with notice to a guardian *ad litem* appointed to protect his interests, Pruitt v. Peyton, 209 Va. 532, 165 S.E.2d 288 (1969), and after the court has obtained a report of an investigation of the background of the accused pursuant to Va.Code § 16.1–176(b), Tilton v. Commonwealth, 196 Va. 774, 85 S.E.2d 368 (1955). The only exception to the jurisdictional prerequisite of a prior valid certification by a juvenile court is in a proceeding to which the provisions of Va.Code § 16.1–175 [3] apply. The stat-

---

3. Va.Code § 16.1–175; Acts of Assembly 1956, c. 537: "If during the pendency of a criminal or quasi-criminal proceeding against any person in any other court [than a juvenile court] it shall be ascertained that the person was under the age of eighteen years at the time of committing the alleged offense, such court shall forthwith transfer the case, together

with all papers, documents and evidence connected therewith to the juvenile court of the city or county having jurisdiction, provided if such is pending in a court of record, the judge thereof, in his discretion upon completion of an investigation as prescribed in § 16.1–176(b), may continue with the trial thereof. The court making the transfer shall order the child

ute permits the judge of the court of record to make the determination himself as to whether the accused should be tried as an adult. The provisions of § 16.1–175 do not apply to give validity to a determination made by the court of record *unless the proceedings in that court were begun in the mistaken belief that the accused was not in fact a juvenile*. In all other cases the court of record has no discretion to exercise, and thus must transfer to the juvenile court a proceeding which has been initiated without a prior valid certification by the juvenile court in the first instance. Since it was known that Redmon was sixteen years of age at the time his trial commenced in March, the District Court concluded that the Circuit Court had no discretion to exercise under § 16.1–175 and was required to transfer the case to the juvenile court. Thus its failure to take such action deprived it of jurisdiction to try him as an adult.

■ We think the District Court misconstrued the effect of the applicable Virginia statutes; the cases decided by the Virginia Supreme Court of Appeals, which are binding on us in determining the meaning of Virginia law, do not provide support for the construction placed upon the statutes below, and to the extent that they apply to this situation at all they appear to dictate a contrary result. The jurisdiction of courts of record in Virginia to try persons under the age of eighteen years was discussed by the Supreme Court of Appeals in 1941 in Mickens v. Commonwealth, 178 Va. 273, 16 S.E.2d 641. In that case a youth fifteen years of age was arrested, tried and convicted for the offense of rape. The statute applicable at the time provided that "Unless the offense is aggravated or the child is of an extremely vicious or unruly disposition, no court, judge or justice shall sentence or commit a child under the age of eighteen years to a jail, workhouse, or police sta-

tion, or send such a child on to the grand jury, nor sentence such child to the penitentiary or to the State convict road force." Va.Code § 1910 (1919; 1922 supplement). The Supreme Court of Appeals held in *Mickens* that this statute did not require a court of record to transfer a case involving a juvenile to a court of juvenile jurisdiction for determination of whether he should be tried as an adult, but that the court of record could independently determine whether the offense was aggravated or the accused "of an extremely vicious or unruly disposition".

In 1949 the Virginia Advisory Legislative Council sought to alter the *Mickens* rule by sponsoring an amendment that would have required transfer of all cases involving juveniles to a juvenile court for preliminary proceedings. This suggestion failed of passage, and the present § 16.1–175 was enacted instead. See a discussion of the legislative history in Tilton v. Commonwealth, supra, 196 Va. at 780–781, 85 S.E.2d at 372. In *Tilton* the accused was sixteen years of age at the time of the commission of his offense. Proceedings against him were begun in the Circuit Court of Carroll County without the intervention of a juvenile court. There is nothing anywhere to indicate that anyone was under the mistaken impression that Tilton was not a juvenile; to the contrary, his attorney pointed out to the court his juvenile status (he was seventeen at the time of the trial) before the trial commenced, in connection with a motion to quash the indictment for failure to comply with the appropriate juvenile statutes. The trial judge overruled the motion, not because of a belief that Tilton was not a juvenile, but because he did not regard a transfer as obligatory and because Tilton's mother had been given adequate notice of the pendency of the warrant against him in the trial justice court, thus complying with the appropri-

or minor to be taken forthwith to the place of detention, designated by the juvenile court or by the transferring court, or release on bail or otherwise the

child or minor to the custody of some suitable person to be brought before the juvenile court at the time designated."

ate statutes. On appeal the Supreme Court of Appeals held that it was not improper for the trial court to overrule the motion to quash, since the question of whether to refer the case to a juvenile court for further proceedings was within its "sound judicial discretion". 196 Va. at 787, 85 S.E.2d at 375. However, the Supreme Court of Appeals reversed the conviction on another ground, i. e., that the trial court had not ordered the investigation required by § 16.1–176 (b) (formerly § 16–172.42) before making the determination to try Tilton as an adult, but had had the investigation made only *after* he was convicted, thus depriving itself of the information required in order to make an informed decision on the issue of transfer. The Supreme Court of Appeals held that the investigation was required to be made by any court in which the case may have been pending *before* the court could determine that the accused should be tried as an adult. It is critical that the required investigation be made, but it is not critical which court makes it.

"It may be noted in passing that if the juvenile court alone is charged with the duty of making the required investigation, then the court of record is charged with the duty of referring the case to the juvenile court for that purpose. Otherwise a vital provision in the statute cannot be given effect.

"But we do not agree with the argument that 'in all cases' the juvenile court alone is charged with the duty of executing the provision: * * * [T]here are many instances in the 1950 Act, as amended, in which the context shows that 'the court' was not intended to mean the juvenile court. We think that under the proper interpretation of section 16–172.42 [now § 16.1–176(b)] the court having jurisdiction of the case, whether it be the juvenile court or the court of record, is charged with the duty and responsibility of requiring the investigation." 196 Va. at 785, 85 S.E.2d at 374.

In contrast to its view of the relative unimportance of which court made the determination of whether the accused should be tried as a juvenile or as an adult, the Supreme Court of Appeals emphasized its view that, no matter which court made that determination, a proper investigation was imperative in order for the determination to be supported.

"Under sections 16–172.41 and 16–172.43 the discretion lodged in the court of record is a sound judicial discretion, to be exercised not arbitrarily or willfully, but based upon knowledge of facts upon which the discretion may properly operate. '[A] full and complete investigation of the physical, mental and social condition and personality of the child or minor and the facts and circumstances surrounding the violation of the law which is the cause of his being before the court', whether made under the direction of the court of record or the juvenile court, will give the court of record information upon which to exercise its judicial discretion in determining whether, under the provisions of section 16–172.41, the case should be transferred to the juvenile court or the trial proceeded with in the court of record." 196 Va. at 787–788, 85 S.E.2d at 375.

Similarly, in Toran v. Peyton, 207 Va. 923, 153 S.E.2d 213 (1967), the Supreme Court of Appeals affirmed the power of the court of record to perform the duties normally performed by the juvenile court. Toran was a juvenile when the crime with which he was charged was committed. There was apparently no question in the mind of anyone at any time as to his juvenile status. After a hearing the Juvenile and Domestic Relations Court of the City of Newport News certified him for trial as an adult in the Corporation Court. On the basis of that certification he was put to trial and convicted. However, his counsel successfully argued a motion to set aside the verdict and grant a new trial on the ground that the provisions of the juvenile statutes (apparently the provision requiring an investigation and report to

be made) had not been complied with before he was certified. After ordering that the verdict be set aside the Corporation Court further ordered that an investigation and report be made to it pursuant to Va.Code § 16.1–176(b). The report was filed with the Corporation Court; and, without any further proceedings in the juvenile court, Toran was again tried and convicted. In a habeas corpus proceeding he urged the invalidity of his conviction on the ground that the certification by the juvenile court was defective. In response to this contention the Supreme Court of Appeals held that it did not affect the validity of his conviction even if the certification were defective, since the court of record had cured any defect by performing the same functions which the juvenile court should have performed.

"We need not decide, however, whether Toran's hearing in the juvenile court was duly held. Code § 16.1–175 sets forth a procedure that may be followed by a court of record as a substitute for a hearing before a juvenile court: [quoting the language of the statute].

\*   \*   \*   \*   \*   \*

"The record therefore shows that in proceeding with Toran's second trial, the corporation court exercised the discretionary power vested in it under Code § 16.1–175. So any question about the validity of Toran's hearing before the juvenile court is academic.

\*   \*   \*   \*   \*   \*

"In Toran's case, the corporation court directed its probation officer to furnish the report required by Code § 16.1–176(b), obviously for the purpose of enabling the court to make a determination—or, in the words of Code § 16.1–175, to exercise its discretion—whether Toran should be tried as an adult. The corporation court made this independent determination, instead of accepting the certification made by the juvenile court." 207 Va. at 924–926, 153 S.E.2d at 214–215.

The cases relied upon by Redmon for the proposition that the discretion of the court of record is limited to cases where trials were commenced in the erroneous belief that the accused was an adult are inapposite. As noted above, in *Tilton* it was held that the court of record could have, had it proceeded properly, validly determined to try Tilton as an adult. Its error lay not in making that determination but in making it without the information the statute required it to have. We have also noted that in neither *Tilton* nor *Toran* was any proceeding instituted in any court of record under a mistaken belief about the defendants' ages.

Peyton v. French, 207 Va. 73, 147 S.E. 2d 739 (1966) is likewise not in point. In *French* the defendant was certified for trial as an adult without being given a hearing, without being present or being given notice, without notice to his parents, and without the appointment of an attorney or guardian *ad litem* to protect his interests, all in violation of the statutes governing the certification procedure. Unlike the trial court in *Toran*, the *French* trial court accepted the certification without question and made no independent determination. Thus no court had ever properly determined that French should stand trial as an adult. The Supreme Court of Appeals pointed out this vital distinction in its opinion in *Toran*, a distinction which would be irrelevant if the court of record were without power, as Redmon contends, to correct the deficiency if it knew from the beginning that he was a juvenile.

Likewise Pruitt v. Peyton, 209 Va. 532, 165 S.E.2d 288 (1969) is a case in which the accused was certified to stand trial as an adult without benefit of a hearing with notice to his parents or the appointment of a guardian, and in which the defect was not corrected by the court of record before proceeding to trial.

We have found no case in which it has been held or intimated that a judge of a court of record can not, by making an independent determination at a proper hearing and after requiring a full

investigation and report as required by the statutes, correct whatever jurisdictional defect may have previously existed in the proceedings. The Supreme Court of Appeals has placed the emphasis on substantive protection of the rights of the accused, and not on the procedural niceties of which court should undertake to provide this protection. This, we think, is where the emphasis most appropriately should be; certainly a Federal court, finding it necessary to consider the validity of a State conviction, should inquire no further. As we said in Hill v. Peyton, No. 11,846, mem. dec. (4 Cir., June 11, 1968), dismissing the appeal from 271 F.Supp. 891 (W.D.Va.1967): "Since the requisite examinations were made prior to petitioner's trial, due process has been satisfied regardless of which court instituted them."

We find the present case to be within the rules of the Virginia cases discussed previously. Redmon was certified for trial as an adult after a hearing. Although the record fails to show whether the hearing met the statutory requirements or whether a report was ordered as required, and in fact it appears probable that these requirements were not met, the record does show that the Circuit Court corrected any errors that may have existed in the original certification. The court ordered its probation officer to make a full investigation and report, and on receiving the report—after a hearing at which Redmon was present with his appointed attorney and allowed an opportunity to supplement or contradict the report—made an independent determination to try him as an adult.

The proceedings described above are all in connection with the larceny conviction of January 7, 1957. For the trial of the subsequently committed burglary, held less than two months later, the Circuit Court did not order a second investigation and report but instead relied on the same report which had been previously submitted to it. We fail to perceive any unfairness in the court's having relied on the previous report. Redmon has not suggested that there had been any material change in his circumstances, except, of course, for the commission of an additional offense, and if there had been any change he and his attorney had an opportunity to present additional evidence. Under Va.Code § 16.1–176(b) a court need not order a separate investigation and report if "such information is otherwise available to it from a prior investigation and report to another court. * * *." It would be incongruous indeed if the court could rely on information previously supplied to another court, but could not rely on information previously supplied to itself in a still-pending case involving the same defendant. We do not think the Virginia statute requires such a result; due process certainly does not. Accordingly, we hold that the District Court erred in finding that Redmon's 1957 conviction and sentence were void for lack of jurisdiction in the trial court, and we reverse the order granting relief therefrom. In view of our holding on the substantive issue, it is unnecessary for us to consider whether the District Court erred in ruling that Redmon could not be retried on the charges.

■■ We turn now to the two remaining convictions considered in the proceedings below. Neither party appears to contend that there was any error in those determinations, and we have found none.[5] As to the 1960 Mathews County conviction, the District Court found, on adequate evidence, that Redmon was not ineffectively represented; regardless of the date on which counsel was formally appointed, he was familiar with the case in advance of the date of appointment, and he had ample opportunity, which he utilized, to ade-

---

5. The respondent moved for dismissal of the petition with respect to the Mathews County conviction on the ground that it was fully served and was not one of the convictions relied on to support the third offender recidivist sentence. In view of the District Court's finding that the sentence was valid, the respondent has not pressed the matter on appeal.

quately prepare the case. As to the 1960 Gloucester County conviction for the unauthorized use of an automobile, the District Court found, also on adequate evidence, that Redmon expressed a desire for an appeal from the conviction, that despite this expression of a desire to appeal no action was taken by court or counsel to effectuate his right, and that as a result he was deprived of his right to appeal under the principles of Allred v. Peyton, 385 F.2d 360 (4 Cir. 1967). Consequently, we sustain the District Court's findings as to these convictions, and affirm the order granting relief from the 1960 Gloucester County conviction, as well as the denial of relief from the Mathews County conviction.

■ There remains only the question of what relief should be granted in connection with Redmon's 1965 sentence as a third offender recidivist. According to the State records it is based on the following three convictions: a 1964 conviction in the Circuit Court of Gloucester County for forgery, which was not challenged in the proceedings below and is presumptively valid; the 1957 Gloucester County conviction, which we have held valid; and the 1960 Gloucester County conviction, as to which Redmon was deprived of his right to appeal. We think that, inasmuch as it is possible for the State to correct the defect in the one invalid supporting sentence, it would be premature at the present time to order any relief from the recidivist sentence. Redmon may be granted the right to a belated appeal from the 1960 Gloucester County conviction. If this is done, and the conviction is affirmed on appeal, there will be no occasion to grant any relief, as the recidivist sentence will then be supported by the requisite three valid sentences. If the conviction should be reversed on appeal, appropriate relief from the resulting recidivist sentence will presumably be granted by the proper State court as a matter of course. If Redmon should be retried on this offense,[6] either as the result of an appeal or in lieu of an appeal, a valid reconviction would likewise provide the requisite support for the recidivist sentence. Finally, it may be the case that under State law some other sentence not presently relied upon to support the recidivist sentence could be used in a subsequent proceeding to obtain a valid recidivist sentence. Whether this can be done is not a question presently before us.[7] Accordingly, the order granting relief from the recidivist sentence will be vacated, and the case will be remanded to the District Court with directions to grant appropriate relief if the State fails to take proper steps within a reasonable time to provide Redmon with a belated appeal or a new trial, or otherwise to secure a valid third offender sentence. If the State does take such steps within a reasonable time, the District Court will dismiss the case.

The judgment of the District Court granting the writ of habeas corpus and ordering relief from the 1957 conviction in Gloucester County is reversed. The judgment denying relief from the 1960 conviction in Mathews County and the judgment granting relief from the 1960 conviction in Gloucester County are affirmed. The judgment granting relief from the 1965 recidivist sentence is vacated, and the case is remanded for the entry of such further order as may become appropriate.

6. We have not considered whether there are limitations on retrials under Virginia law where the sentence imposed at the first trial has been fully served. A retrial, if permissible under State law, would of course be subject to the due process limitations of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

7. The District Court apparently considered such a proceeding possible in deciding to rule on the merits of the Mathews County conviction.