## MONKS v. NEW JERSEY

No. 127.   Argued February 26, 1970—Decided May 25, 1970

*Anthony G. Amsterdam,* by appointment of the Court, 395 U. S. 942, argued the cause for petitioner.  With him on the brief was *Michael Meltsner.*

*Archibald Kreiger* argued the cause for respondent. With him on the brief was *John G. Thevos.*

Per Curiam.

Having scrutinized the record and considered the briefs and oral arguments submitted on both sides, we are satisfied that petitioner's claim of coercion respecting his confession, given by him over 12 years ago upon his apprehension as an alleged juvenile delinquent, does not merit the plenary review that we thought it might deserve at the time petitioner's *pro se* petition for certiorari was granted.   395 U. S. 903.   The other claims tendered in such petition fare no better.

The further claim advanced by petitioner's appointed counsel in this Court respecting the alleged unconstitutional application of N. J. Stat. Ann. § 2A:4-37 (b) has been raised for the first time upon this writ and the state courts have had no opportunity to pass upon it.

Accordingly we conclude that the writ of certiorari should be dismissed as improvidently granted, without prejudice to any further appropriate proceedings below.

*It is so ordered.*

Mr. Justice Marshall, with whom Mr. Justice Douglas joins, dissenting.

Petitioner, a 15-year-old boy, was arrested at 1 o'clock in the morning of February 16, 1957, removed to the

police station, and questioned by detectives for several hours about two purse-snatching incidents. He was then held in confinement in the Children's Shelter for 10 days during which time he was questioned at least three times by two detectives in the presence of a juvenile probation officer. Further questioning began on other crimes including two murders in the same area as the purse snatchings.

During the entire 10-day period this 15-year-old boy was without advice of his parents, lawyer, or friends. Indeed, his mother first learned he was in custody after he confessed to the two murders. During the entire 10-day period petitioner was never told he had a right to remain silent, or to refuse to answer the questions by the two detectives.

The end came on February 26, 1957. Petitioner arose at 7 o'clock in the morning, questioning began at 10 o'clock and continued off and on for 15 hours before the confession was typed. During this period he was moved from the Children's Shelter to the courthouse, the grand jury room, and an adjacent room. He was given several lie-detector tests and confronted with alleged witnesses. He had no sleep. He was given sandwiches for his lunch and dinner.

Certainly, such treatment so clearly violates the holdings of *Haley* v. *Ohio,* 332 U. S. 596 (1948); *Culombe* v. *Connecticut,* 367 U. S. 568 (1961); *Haynes* v. *Washington,* 373 U. S. 503 (1963); and *Greenwald* v. *Wisconsin,* 390 U. S. 519 (1968), as to require a reversal in this case.