**Sterling Leon EVANS, Jr., Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Misc. No. 38–70–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

May 11, 1971.

Nathaniel J. Cohen (court-appointed), Virginia Beach, Va., for petitioner.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

## MEMORANDUM ORDER

KELLAM, District Judge.

Sterling Leon Evans, Jr. attacks the validity of his conviction on December 17, 1959, in the Circuit Court of the City of Virginia Beach, for three counts of statutory burglary and one count of attempted burglary. Evans pleaded guilty and was sentenced to a term of five years on one count. The sentences on the other counts were either suspended or to run concurrently, with a period of ten years probation to commence upon his release from the five year term. Evans was released on October 9, 1964. By 1968, Evans had become involved in several encounters with the law, including two convictions for petit larceny. On June 18, 1968, after a hearing in the Virginia Beach Circuit Court, Evans was found in violation of the terms of his original probation and was returned to the penitentiary to serve the five year suspended sentence.

Now Evans claims that the convictions are defective because he was a juvenile at the time and his parents were not present at his preliminary hearing, that he was not given benefit of counsel at his preliminary hearing, and that an incriminating statement taken by the investigating officer was obtained involuntarily. Evans sought state habeas corpus relief in the Circuit Court of the City of Virginia Beach. Relief was denied on June 6, 1969, and the Virginia Supreme Court of Appeals denied a writ of error on December 3, 1969. Evans is,

therefore, properly before this Court, having exhausted his available state remedies in compliance with 28 U.S.C. § 2254.

### I.

At the time of the commission of the offenses charged and of his trial, Evans was seventeen years old. He now claims that his rights as a juvenile were violated because his parents were not immediately notified of his arrest, they were not present at his preliminary hearing, and no guardian ad litem was appointed for him. Apparently, Evans does not question any other aspect of the pretrial investigation and report required by Code of Virginia §§ 16.1–175 and 16.1–176(b).

■■ Initially, it should be pointed out that the Supreme Court of Appeals of Virginia has ruled that the statutes relating to the procedure applicable to proceedings for cases tried in a juvenile court are mandatory and must be followed. Accordingly, the proceedings in the juvenile court are jurisdictional rather than procedural. Failure of the juvenile court to comply with the statutory provisions of procedure will render the certification to a court of record void. See Peyton v. French, 207 Va. 73, 147 S.E.2d 739 (1966). This conclusion is not questioned; however, Evans' case is not necessarily governed by the provisions of the Juvenile and Domestic Relations Court Law as contemplated by Peyton v. French. Evans would have the Court rule that the same holding described in *French* also applies in his case. Code of Virginia § 16.1–172 does provide that no juvenile court hearing shall be held on a petition against a juvenile until the parent(s) of the child, if residing in Virginia, has (have) been notified. Then § 16.1–173 provides that when the parent(s) or other person required to be notified by § 16.1–172 is (are) not present at the time of the hearing, before proceeding with the hearing, the Court shall appoint a probation officer or attorney as guardian ad litem to represent the interests of the

juvenile. The guardian ad litem must be present at the hearing. While these provisions are jurisdictional for proceedings in a juvenile court rather than procedural, Peyton v. French, *supra*; Pruitt v. Peyton, 209 Va. 532, 165 S.E.2d 288 (1969), it must be noted that these jurisdictional procedures apply to juvenile court hearings and not to proceedings in a court of record. Examination of the record indicates that Evans' case falls under Code of Virginia § 16.-1–175, which permits a court of record to acquire and/or retain jurisdiction of cases involving juveniles charged with a felony upon completion of a pretrial investigation and report. The jurisdictional provisions discussed in *French* and *Pruitt* are not applicable when this procedure is used. Inter alia, § 16.1–175 provides:

> If during the pendency of a criminal * * * proceeding against any person in any other court [1] it shall be ascertained that the person was under the age of eighteen years at the time of committing the alleged offense, such court shall forthwith transfer the case, together with all papers, documents, and evidence connected therewith, to the juvenile court of the city or county having jurisdiction, *provided if such is pending in a court of record, the judge thereof, in his discretion upon completion of an investigation as prescribed in § 16.1–176(b) may continue with the trial thereof.* (emphasis added).

This statute permits the court of record to exercise its independent discretion in determining whether to proceed with the trial of a juvenile, and whether to try a juvenile as an adult. When the court of record does so exercise its discretion, any question of the validity of a juvenile court hearing and certification is academic. See Toran v. Peyton, 207 Va. 923, 153 S.E.2d 213 (1967). In such a case, it is immaterial whether the juvenile court procedure was followed or whether the juvenile ever came within

the jurisdiction of the juvenile court so as to require certification for trial in a court of record, either as a juvenile or as an adult.

A brief examination of the factual situations in *French* and *Pruitt* shows why those cases are not relevant to the facts of Evans' case. In *French*, the Circuit Court assumed jurisdiction to try French, a juvenile, for a felony as an adult on the basis of an improper certification by the juvenile court. The certification was improper because the juvenile court failed to follow the mandatory statutory procedures for juvenile hearings, and to order the investigation required by law. Nor did the Circuit Court order the independent investigation to be made as provided by law, and thereafter make an independent determination to try French as an adult in accordance with § 16.1–176(b). *Pruitt* is similarly inapplicable because the jurisdictional defect occurred in the juvenile court hearing and not in any independent determination by the court of record. Evans' case is similar to that in Toran v. Peyton, *supra*, in which the Corporation Court of Newport News directed its probation officer to make an investigation and furnish the report required by Code of Virginia § 16.1–176(b) "obviously for the purpose of enabling the court to make a determination—or in the words of Code § 16.1–175, to exercise its discretion—whether Toran should be tried as an adult." 153 S.E.2d at 215. The Corporation Court made its own determination to try Toran as an adult after ordering the investigation required by statute, rather than become involved in certification by the juvenile court. In *Toran*, the Supreme Court of Appeals expressly approved this independent determination by the court of record as a proper alternative to certification by the juvenile court. This is precisely what was done in Evans' case. The probation officer's report, addressed to the judge, is a part of the record. The report is specifically

---

1. This means any other court not a court of record.

referred to in the Order which also over-ruled a defense motion that Evans be tried as a juvenile.

The investigation and report must be made before the court of record can proceed, and in order to determine whether the juvenile should be tried as an adult. However, while it is critical that the investigation be made, it is not critical which court orders the investigation and makes the determination. Tilton v. Commonwealth, 196 Va. 774, 85 S.E.2d 368 (1955). See also Redmon v. Peyton, 420 F.2d 822 (4th Cir. 1969). The Fourth Circuit Court of Appeals' opinion in *Redmon* contains a thorough discussion of relevant cases and the juvenile court statutes, and no useful purpose would be served by further discussion here. *Redmon* does point out that no case holds or even suggests that a judge in a court of record cannot, by making its own determination at a proper hearing and after ordering the investigation and report required by statute, correct any jurisdictional defect that may have existed previously. This determination can be made after an improper juvenile court hearing and certification or without any reference to the juvenile court.

The Supreme Court of Appeals has placed the emphasis on substantive protection of the rights of the accused, and not on the procedural niceties of which court should undertake to provide this protection. This, we think, is where the emphasis most appropriately should be; certainly a Federal court, finding it necessary to consider the validity of a State conviction, should inquire no further. As we said in Hill v. Peyton, * * * "Since the requisite examinations were made prior to petitioner's trial, due process has been satisfied regardless of which court instituted them." 420 F.2d at 829.

Clearly, Evans' situation is within the scope of the relevant Virginia cases. Evans was not certified for trial as an adult after a hearing by the juvenile court, and the jurisdictional and procedural requirements for juvenile court hearings were not followed. Rather, the Circuit Court judge made his independent determination to try Evans as an adult, pursuant to Code of Virginia §§ 16.1–175 and 16.1–176, after examining the pretrial report prepared by the probation officer. Nothing more was required, and Evans' contention that the jurisdictional requirements for juvenile court hearings were not followed in his case has no bearing on the validity of his conviction and sentence.

### II.

Evans' second contention is that an incriminating statement taken on October 30, 1959, the day after his arrest, was obtained involuntarily because he was not advised of his legal rights at any time and because of fear and threats made by investigating officers. This claim was first raised in Evans' state habeas corpus petition, and it follows the actual event by more than ten years. After he was arrested by the Norfolk police and turned over to Princess Anne County officials, Evans made an incriminating statement to the investigating officer, Detective Stone. Nothing indicates whether Evans was warned of his right to refuse to make a statement, but Evans' confession does recite: "I make this statement of my own accord and have not been promised or threatened in any manner. I am aware that this statement may be used for or against me in any court." [2] The statement is signed, "Sterling Leon Evans, Jr." Now Evans claims that the statement was improperly taken because he was not advised of his right to counsel and no counsel was present when he made the statement. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964) regarding such advice is not applicable because Evans made no request to consult with counsel; his habeas corpus petition does not assert such

---

2. This was not a printed form, but was written by hand.

a request.[3] Furthermore, *Escobedo* applies only to persons whose trials began after June 22, 1964, and Evans was tried in 1959. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which might otherwise be applicable to Evans' statement applies only to those criminal trials which began after June 13, 1966. *See* Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L. Ed.2d 882 (1966).

█ In dealing with the question of belated claims of fear and threats to induce confessions, the Supreme Court has recently indicated that where a petitioner waits so long to raise the question and make the charge, the habeas corpus court need not hear it. In Monks v. New Jersey, 398 U.S. 71, 90 S.Ct. 1563, 26 L.Ed.2d 54 (1970), the Court dismissed a writ of certiorari as improvidently granted with the statement: "We are satisfied that petitioner's claim of coercion respecting his confession given by him over 12 years ago upon his apprehension as an alleged juvenile delinquent, does not merit the plenary review which we thought it might deserve * * *." The dissent pointed out that Monks, a 15 year old juvenile, was arrested on February 16, 1957, questioned for several hours and confined for ten days during which time he was questioned by police detectives on other occasions. During the ten day period, Monks was without advice of counsel and was not told that he had a right to remain silent or refuse to answer the questions of the detectives. Nothing in Evans' petition indicates that his claim should be disposed of differently, and he will not now be heard to claim fear and coercion as the reason for his incriminating statement.

█ Although the claim is not specifically made, Evan's petition implies that the incriminating statement caused him to plead guilty to the four charges and, therefore, that his guilty plea was involuntary. Evans' statement was taken on October 30, 1959. He was not tried until December 17, 1959, when he was represented by counsel. However, this claim was not raised until his probation was revoked and Evans was returned to serve the remaining sentence in 1968. The alleged conduct of the police detectives was not of such enduring effect as to make involuntary a guilty plea entered more than six weeks later. Evans had ample time to repudiate his confession if it was actually coerced. *See* Parker v. North Carolina, 397 U.S. 790, 495, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). *See also* McMann v. Richardson, 397 U. S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), where the Supreme Court held that "a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus." 397 U.S. at 771, 90 S.Ct. at 1449. The Court also noted that a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by counsel. Evans has not made any such claim and nothing in this record indicates that such a claim would have any substantial basis.

Evans' belated claim that his statement was coerced and his implication that his guilty plea was motivated by that statement are completely without merit. He was not denied due process of law in this respect and the claim is dismissed.

### III.

The third claim is that Evans did not have counsel at his preliminary hearing, and cannot be disposed of so readily. Evans' petition indicates no knowledge of the preliminary hearing except that it was held at the Princess Anne County Courthouse. Evans claims that while he was in jail awaiting the hearing he asked the police for counsel, but he does

---

3. Evans had counsel at his criminal trial in the court of record, and such counsel moved the Court to try Evans as a juvenile, which was denied.

not remember if he asked for counsel at his preliminary hearing. The record discloses that counsel was appointed December 7, 1959, and Evans was tried December 17, 1959.

The Supreme Court has recently held that the preliminary hearing is a "critical stage" of the criminal process at which an accused is as much entitled to assistance of counsel as at the actual trial. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). In Phillips v. North Carolina, 433 F.2d 659 (4th Cir. 1970), and in Nichols v. Cox, Memo. Dec. # 14,726, 4th Cir., February 1, 1971, *Coleman* was held not to be applied retroactively. Long prior to *Coleman*, the Legislature of Virginia had provided for appointment of counsel for juveniles at their preliminary hearing. Virginia Code Section 16.1–173.

Here, the record is not clear as to what was done, if anything, at the preliminary hearing. It appears to have been only a formality of the juvenile judge entering an order to send the matter on to the grand jury. In the court of record the report which should have been ordered by the juvenile court was ordered to be made; it was made and filed. Thereafter, the circuit court heard the motion of counsel for Evans to have Evans tried as a juvenile. After the hearing, the motion was denied. Evans, with the advice and assistance of counsel, entered a plea of guilty. If counsel had appeared in the juvenile court on behalf of Evans, the only thing he could have done was to have asked the juvenile court to retain jurisdiction and treat Evans as a juvenile. It was not Evans first brush with the law, and there is no sufficient reason to believe such request would have been granted. The same request was made in the circuit court and, after hearing, denied. In Redmon v. Peyton, *supra*, the court said, "since the requisite examinations were made prior to petitioner's trial, due process has been satisfied regardless of which court instituted [the procedure]." [420 F.2d 829].

Under the circumstances, it would appear that in keeping with the decision in Handy v. Director, Patuxent Institution, Memo. Dec. October 1970, 4th Cir., #13,547, the facts support a "conclusion that waiver was appropriate."

It is ordered that:

1. Petitioner is not entitled to the relief prayed for and his petition is dismissed.

2. Petitioner may appeal in forma pauperis by filing written notice of such intention within thirty days from this date with the Clerk of this Court at Norfolk, Virginia, and following the procedure prescribed by law. If timely notice be given, the Clerk will forward the papers in this case to the Clerk of the United States Court of Appeals for the Fourth Circuit. If timely notice be not given within the required time, the Clerk will return the state court papers to the proper state court clerk's office. For the reasons stated above, a certificate of probable cause is denied.

3. The Clerk will send a copy of this Order to the Attorney General of Virginia, the Clerk of the Circuit Court of the City of Virginia Beach, Nathaniel J. Cohen, Esquire, counsel for petitioner, and to petitioner.