Thomas Russell CROW, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9432.

United States Court of Appeals
Tenth Circuit.

July 2, 1968.

Benjamin J. Andrews, Jr., Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before JONES*, LEWIS, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The district court denied appellant's application for relief under 28 U.S.C. § 2255 without a hearing. On his pleas of guilty appellant was sentenced to three years for a postal offense and to three years for violation of the Dyer Act, the sentences to run consecutively. Later he received a sentence for escape which was to run consecutively to the Dyer Act

* Of the Fifth Circuit, sitting by designation.

sentence. He attacks the sentences for the postal offense and for the Dyer Act.

When the case was originally presented to us, the record did not disclose which sentence the appellant was serving. Relying on Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909 4 L.Ed.2d 963, and McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, we remanded the cause to the district court for determination of the sentence being served. That court made the required findings and a supplemental record has been filed. In the meantime the Supreme Court has overruled Parker and McNally. See Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, and Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426. Although *Carafas* and *Peyton* were habeas corpus rather than § 2255 proceedings, we believe that the principles there announced are applicable to § 2255 motions. In the circumstances our remand was unnecessary and we must consider all objections raised without regard to which sentence is being served.

■ The appellant was represented by counsel and pleaded guilty. The court did not advise him of a right to appeal. We believe that the court was under no obligation to do so. Although the 1966 amendments to the Rules of Criminal Procedure were not then in effect, the new Rule 32(a) (2) requires notification of the right to appeal only in a case which has gone to trial on a plea of not guilty. No persuasive reason exists for the application of a different principle under the old rule.

■■ The attack on the sentence for the postal offenses is based on the sufficiency of the indictment and the sufficiency of the facts to establish a crime. The charge is the alteration and counterfeiting of a postal money order by placing a fictitious name thereon contrary to 18 U.S.C. § 500. The indictment meets the tests established by Flores v. United States, 10 Cir., 338 F.2d 966, 967. The claim that no crime was committed is based on the assertion that a 1951 change in the form of postal money orders makes the statute inapplicable to transactions connected with the new forms. The point is without merit because the plea of guilty admits all facts well pleaded and a sentence imposed after such plea is not subject to collateral attack on the ground that, as a factual matter, the accused was not guilty of the offense charged. See Adam v. United States, 10 Cir., 274 F. 2d 880, 882–883. The motion for relief was properly denied in so far as it attacks the postal sentence.

■■ Relief is sought from the Dyer Act sentence on the grounds that officers threatened the prosecution of another person unless appellant pleaded guilty, that plea bargaining occurred, and that appellant was promised a lesser prison term if he cooperated. He also asserts that his court-appointed counsel was not competent or effective because of lack of consultation. A plea of guilty is void when threats or promises deprive it of the character of a voluntary act, and a sentence entered thereon is subject to collateral attack under § 2255. See Vicory v. Taylor, 10 Cir., 338 F.2d 954, 955. A hearing must be held to determine the issue of voluntariness unless the files and records of the case show conclusively that the plea was knowingly and voluntarily entered. See Putnam v. United States, 10 Cir., 337 F.2d 313, 315.

■ In the instant case the transcript of the arraignment and sentencing hearings show a comprehensive questioning of the appellant by the district court which thoroughly searched the voluntariness of the plea. The responses of the appellant expressed an understanding of the situation and a complete willingness to plead guilty. The § 2255 motion alleges that the prosecution threatened to charge a third party with complicity if the appellant did not acknowledge his guilt. In its memorandum denying the motion the district court disposed of this point by saying that it could not "accept" this threat as coercion which would invalidate the plea. We do not agree. As the matter stands the existence of the threat is undenied. When taken with

the other allegations of an involuntary plea, it may have had a coercive effect which controlled appellant's responses at the time of the plea. Improbable as are the allegations, appellant had the right to support them by evidence. Frand v. United States, 10 Cir., 289 F.2d 693, 694.

The motion of appellant for the discharge of counsel appointed to present his appeal is denied.

Reversed and remanded for further proceedings in accordance with this opinion.