**Russell Judas NELSON, Appellee,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellant.**

**No. 13023.**

United States Court of Appeals
Fourth Circuit.

Argued March 6, 1969.

Decided June 25, 1969.

Gerald L. Baliles, Asst. Atty. Gen., of Va. (Robert Y. Button, Atty. Gen. of Va., on the brief), for appellant.

Frank W. Hardy Richmond, Va. (Court-assigned counsel) (Daniel Rog-ers, II, Richmond, Va., Court-assigned counsel, on the brief), for appellee.

Before SOBELOFF, BRYAN and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Concluding that petitioner, a state prisoner incarcerated under a fifteen year term for robbery and faced with two ten year consecutive, prospective terms for attempted rape and recidivism,[1] had been denied his right to effective assistance of counsel because he had not been advised of his right to appeal his convictions for robbery and attempted rape and that he had not waived his right to appeal, the district judge granted the writ of habeas corpus. He afforded the Commonwealth a period of sixty days in which to grant petitioner a belated appeal, or to retry him, if it be so advised. The Commonwealth appeals and we affirm.

Petitioner who progressed only to the sixth grade of school and who has a mental age of eleven years and an IQ of 73, was tried with a codefendant, one Ernest Mines, on their pleas of not guilty to charges of robbery and attempted rape in the Hustings Court of the City of Richmond on November 27, 1962. Petitioner was represented by two court-appointed counsel who were acting informally as public defenders and who were also appointed to represent Mines and other defendants in other cases. Both defendants were convicted; no appeal on behalf of petitioner was noted or perfected; no transcript of the trial was made.

Shattered by the outcome of his trial, the sentences imposed on him for the substantive offenses and the prospect of an additional sentence as a recidivist, petitioner made no statement in court after he was pronounced guilty. He was led from the courtroom to the lockup. There was evidence that he requested the opportunity to speak to his counsel. It is undisputed that one of his attor-

---

1. Service of five years of the term under the Virginia Recidivist Statute was suspended on good behavior.

neys did not see him again after he left the courtroom. The other attorney did see petitioner in the lockup when that attorney went to talk to Mines, who was also in the lockup, about an appeal. That attorney had no recollection of speaking to petitioner; petitioner confirmed that they had no conversation. The only evidence in the record is that at no time during his pretrial interviews with his counsel, during the trial or thereafter, was petitioner told by his counsel or anyone else that he had a right of appeal under Virginia law, irrespective of indigency, or the manner and time in which to pursue that right.

Petitioner testified that in approximately December, 1962, a fellow-inmate wrote to the trial judge in his behalf. Petitioner's understanding was that the letter was written because of petitioner's desire "to know how could I get back to the Court," but the actual contents of the letter were not known to petitioner. The official papers relating to petitioner's trial did not contain the letter, and the letter was not produced at the state post-conviction hearing.

From the facts of record we accept as correct the finding of the state habeas judge, concurred in by the district judge, that petitioner never made a request to appeal his case.[2]

I

The Commonwealth contends that the established rule in this circuit is that, in the absence of any indication by a defendant to anyone that he wished to appeal, defendant cannot claim that he was denied his right to appeal. The rule is claimed to be founded on our decisions in Allred v. Peyton, 385 F.2d 360 (4 Cir. 1967); Magee v. Peyton, 343 F.2d 433 (4 Cir. 1965); Boles v. Kershner, 320 F.2d 284 (4 Cir. 1963), and such memorandum decisions as Connors v. Peyton,

Mem. Dec. No. 12,157, December 18, 1968; Morgan v. Peyton, Mem. Dec. No. 12,337, December 6, 1968; Sand v. Peyton, Mem. Dec. No. 12,647, October 2, 1968; and Smith v. Peyton, Mem. Dec. No. 12,265, November 15, 1968. Consequently, it is argued that, since the state habeas judge and the district judge found that petitioner never made a request to appeal, this finding is dispositive and the judgment of the district judge granting habeas corpus relief should be reversed.

■■ It is true that on more than one occasion we have intimated that the failure on the part of one seeking habeas corpus relief to have requested that he be granted his right to appeal was fatal to a claim that he had unconstitutionally been denied his right of appeal, and it is true also that in such cases the language we have employed has suggested that the failure of such a request is fatal even in the absence of a showing that the petitioner knew of his right to appeal. However, on close examination these cases do not appear to have considered directly the issue of whether a defendant must be informed in the first instance of a right to appeal, nor does it appear with clarity whether in fact the petitioners in those cases had been aware of their right to appeal. In the instant case the determinative, basic question is whether petitioner knew that he had a right to appeal. We conclude that petitioner did not, and the absence of such knowledge is a clear indication that he was denied the effective assistance of counsel. This follows because he did have a right to appeal, and it was the duty of his counsel to advise him of the right and how and when to exercise it. Indeed, on this record we conclude that petitioner was denied counsel at a critical stage in the proceeding leading to his incarceration so that, in accord-

2. Before initiating proceedings in the district court, petitioner sought a writ of habeas corpus from the Hustings Court of the City of Richmond. Counsel was appointed for him and he was given a plenary hearing. From a denial of the writ, he unsuccessfully sought a writ of error from the Supreme Court of Appeals of Virginia. On the issues which concern us, petitioner had thus exhausted available state remedies before he sought relief from the district court.

ance with current constitutional doctrine, he is entitled to release unless he is afforded a belated appeal or unless the Commonwealth elects to retry him. To the extent that language we have employed in the cases cited indicates to the contrary, we no longer consider it a correct statement of the law.

At times cast in terms of a defendant's right to counsel under the Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, in terms of due process clause of the Fourteenth Amendment, standing alone, in terms of the equal protection clause of the Fourteenth Amendment, or in terms of a combination of these, the recent trend of decisions makes clear that every defendant has the unqualified right, whether or not indigent, to be represented by counsel at all critical stages of any prosecution against him. The right begins when the accusatorial process begins as to him. And where the states, which are not under the obligation to provide for appellate review, do provide for appellate review, his right to counsel continues through that stage of the proceedings and he must be afforded full resort to that review and to the documents and tools of appellate review, the same as if he were not indigent. Where counsel is clearly required at trial and in certain instances even before the formalities leading to trial have begun and where counsel is clearly required on appeal when provisions for an appeal have been enacted, we think that counsel is also required in the hiatus between the termination of trial and the beginning of an appeal in order that a defendant know that he has the right to appeal, how to initiate an appeal and whether, in the opinion of counsel, an appeal is indicated. This interim is a critical, crucial one for a defendant because he must make decisions which may make the difference between freedom and incarceration.

Thus, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), establishes the basic right to counsel.

"[A]ppointment of counsel for an indigent is required at *every stage* of a criminal proceeding where substantial rights of a criminal accused may be affected." Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967) (emphasis added). Such cases as Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977 (1964), Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), mark the beginning point when the right to counsel comes into being. Once the right has matured, the law is now certain that it continues through the conclusion of appellate review. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). And "where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70 (1962); Puckett v. North Carolina, 343 F.2d 452 (4 Cir. 1965). Even if counsel appointed to conduct an appeal concludes that the appeal is frivolous and desires to withdraw, he must, nevertheless, brief anything in the record which might arguably support the appeal; and if the court finds any legal point arguable on its merits, it must, prior to decision, provide another attorney. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

When the breadth and scope of the right to counsel as established by these cases is considered, we think it follows that an indigent defendant is entitled to have counsel after his trial has been concluded for at least as long as it is necessary for counsel to advise him of his right to appeal, the manner and time in which to appeal and whether an appeal has any hope of success, unless counsel has provided advice as to the right to appeal and the manner and time in which to appeal prior to the conclu-

sion of trial, or unless the trial court has advised the defendant in the latter regard and shouldered the burden which is otherwise that of counsel. Where counsel, as in the instant case, treat their representation as terminated without having imparted such advice, a defendant's right to counsel has been effectively denied; or, where counsel have not treated their representation as terminated but fail to impart such advice, a defendant's right to effective assistance of counsel has been effectively denied. In either event, if the omissions of counsel have not been supplied by advice imparted by the trial court as to the right to appeal and the manner and time in which to appeal, a defendant's Sixth Amendment right, as made applicable to the states by the Fourteenth Amendment, has been violated.[3] While we do not now decide the issue, we note that the rules in right to counsel cases are generally applied retroactively. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968) (per curiam).

## II

██ The district judge further found that petitioner did not waive his right to appeal. We think the district judge was correct because the record provides no support for the conclusion that petitioner knew that he had a right to appeal. Waiver, by federal standards, thus could not have occurred. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Under federal standards, one may not relinquish intentionally an unknown right.

We need not recite all of the evidence to support our conclusion. It is true that petitioner was never asked if he knew that he had a right to appeal in spite of the fact that the trial for the instant offenses was not his first court experience. But the record is undisputed that no one advised petitioner of his right to appeal the convictions we are considering and this, coupled with the lack of evidence that petitioner was ever a party to a previous appeal, petitioner's very limited intelligence and his uncontroverted testimony that he sought help from a fellow-inmate to "get back to the Court" because he was unable to write his own letter can lead to no other finding.

## III

In argument, the Commonwealth contended that petitioner was not entitled to habeas corpus relief unless he had established that he was prejudiced by the failure to have his convictions reviewed on appeal. Stated otherwise, the argument is that petitioner may qualify for relief only if he shows that an appeal by him would have been at least debatably meritorious so that he lost some right of potential value in the failure to obtain appellate review.

No transcript was made of petitioner's trial. His version of his defense was that he simply told his counsel the truth, i. e., that he had nothing to do with the girl and that he was in another city on the date of the alleged offenses. His counsel has no clear recollection of the course of the trial and no memory as to whether there were or were not, in their opinion, any specific grounds for appeal. One of his attorneys did recall that petitioner produced a bus ticket stub to corroborate his alibi, but he could not remember if it had been offered in evidence. In short, if we adopt the Commonwealth's argument, petitioner failed, at the habeas corpus hearing, to show possible error in his trial and the possibility that his convictions would be set aside.

---

3. The result we reach is in accord with that reached by other courts: Wynn v. Page, 369 F.2d 930 (10 Cir. 1966); Smotherman v. Beto, 276 F.Supp. 579 (N.D.Tex.1967); Fox v. State of North Carolina, 266 F.Supp. 19 (E.D.N.C. 1967); United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508, 522–524 (E.D.N.Y.1967); United States ex rel. Maselli v. Reincke, 261 F.Supp. 457 (D. Conn.1966), aff'd, 383 F.2d 129 (2 Cir. 1967).

Victor v. Lane, 394 F.2d 268 (7 Cir. 1968), and McGarry v. Fogliani, 370 F.2d 42 (9 Cir. 1966), strongly suggest, if not hold, that in such cases a petitioner must demonstrate that his appeal would have had some chance of success before he is entitled to habeas corpus relief. We do not agree that where the basis for relief is denial of counsel or denial of effective assistance of counsel that such a showing is a prerequisite to habeas corpus relief.

The right to counsel and the effective assistance of counsel is too basic a right to condition entitlement thereto upon an uninformed, untrained, unintelligent, indigent petitioner's showing that his appeal would have at least debatable merit when the ability to make and preserve a record of what transpired was not even within his grasp. Cf., Miranda v. Arizona, supra, 384 U.S. at 472–473, 86 S. Ct. 1602. Where appellate review is provided it becomes an "integral part of the * * * trial system for finally adjudicating the guilt or innocence of a defendant," and denial of the right has been analogized to denying a fair trial. Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). The right to counsel and the effective assistance of counsel goes to "the very integrity of the fact-finding process." Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 1743, 14 L.Ed.2d 601 (1965). Once denied, it seems to us, the burden of proving it valueless in a given case must rest upon the Commonwealth which denied the right by the omissions of the counsel it supplied, if, indeed, the law will countenance such a defense.

We conclude, therefore, that the district court should be affirmed. We conclude, also, that the conditions of the district court's stay of the writ are proper. Petitioner may be retried, if the Commonwealth is so advised. Conceivably, from the notes of the trial judge and other sources—a matter as yet unexplored—a record on appeal may be constructed and Virginia may conclude to grant a belated appeal on such a record.[4] At least, the Commonwealth should be granted the opportunity to pursue this possible avenue of relief for petitioner.

Affirmed.

---

4. One of petitioner's counsel suggested that there *may* have been a recorded tape of the proceedings.