**Robert BARBER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 620–69.**

United States Court of Appeals, Tenth Circuit.

June 9, 1970.

L. Richard Freese, Jr., Denver, Colo., for appellant.

John O. Sparks, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for appellee.

Before PHILLIPS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Petitioner-appellant seeks relief under 28 U.S.C. § 2255 from the 1959 sentence imposed after his guilty plea to various narcotic offenses. He alleges that the plea was accepted without satisfaction of the requirements of Rule 11, F.R.Crim.P. The district court denied relief without an evidentiary hearing. In so doing it relied on the transcript of the arraignment proceedings.

In 1959, Rule 11 required that before accepting a guilty plea the court first determine that the plea was made voluntarily and with understanding of the charge. In the case at bar, the court engaged in extensive questioning but failed to make expressly the required determination.

 The issue is what consequences flow from the court's failure to comply strictly with the then requirements of Rule 11. In Stephens v. United States, 10 Cir., 376 F.2d 23, 24–25, cert. denied 389 U.S. 881, 88 S.Ct. 124, 19 L.Ed.2d 176, this court held that voluntariness could be determined in a post-conviction proceeding. In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, the Court decided that where a guilty plea was accepted without compliance with the stricter requirements of present Rule 11, the defendant is entitled to plead anew. In so holding, the Court adopted the rule of Heiden v. United States, 9 Cir., 353 F.2d 53, which this court refused to follow in Stephens, supra. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, the Court declined to give retroactive effect to McCarthy, holding that it applied only to guilty pleas accepted after April 2, 1969, the date it was decided. In the circumstances, we adhere to our decision in Stephens with respect to guilty pleas made before April 2, 1969.

We have reviewed the arraignment transcript and are convinced that the plea was made voluntarily and with understanding of the nature of the charge. The sentencing court made a thorough inquiry with pertinent questioning of the appellant. It appears therefrom that the appellant's plea was made with knowledge and volition. See Nunley v. United States, 10 Cir., 294 F.2d 579, 580, cert. denied 368 U.S. 991, 82 S.Ct. 607, 7 L.Ed.2d 527, a case in which a co-defendant of this appellant urged the same point as that made in this appeal. No evidentiary hearing on the instant motion was necessary because there were no allegations of facts outside the record. The files and records conclusively show that the appellant is not entitled to the relief sought. See Puckett v. United States, 10 Cir., 314 F.2d 298, 300.

The appellant argues that Rule 37(a) (2), now Rule 32(a) (2), F.R. Crim.P., was violated because the sentencing court did not advise him of his right to appeal. We have held that such advice is not necessary on a plea of guilty. Crow v. United States, 10 Cir., 397 F.2d 284, 285.

Affirmed.