**James Alvin YOUNGER, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70-C-70.**

United States District Court,
W. D. Virginia,
Danville Division.

March 4, 1971.

James Alvin Younger, pro se.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

Petitioner is confined by the Commonwealth of Virginia on account of conviction of rape. He has filed, in forma pauperis, a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241.

On June 21, 1958, the petitioner was arrested upon a warrant issued that same date charging him with the rape of a ten year old child. On July 7, 1958, an indictment was returned on the charge and the court appointed an attorney to represent him.

On July 14, 1958, the petitioner's counsel appeared in the Circuit Court of Pittsylvania County, Virginia, and moved for a mental examination of the petitioner to determine if the petitioner was competent to stand trial. On the same date, the court appointed three physicians to examine the petitioner as to his mental condition.

On July 19, 1958, the petitioner was examined by the court-appointed physicians and found to be "mentally competent" and "able to stand trial."

On July 22, 1958, petitioner was sentenced to twenty-five years' imprisonment by the Circuit Court of Pittsylvania County, Virginia, following his plea of guilty to the charge of rape.

On August 5, 1969, the petitioner filed a petition for writ of habeas corpus in the Circuit Court of Pittsylvania County,

Virginia, alleging four grounds which allegedly made his detention unlawful; they were:

1. "Appointment of counsel on trial day is illegal and grounds for release."
2. "Evidence insufficient for conviction no proof of facts was presented."
3. "Was not advised right to appeal."
4. "Was ineffectively represented by counsel."

On September 23, 1969, the petition was dismissed. In the memorandum opinion accompanying the order of dismissal, the court reviewed the record and fully discussed each ground that the petitioner raised in his petition.

On October 11, 1969, the petitioner filed, *pro se*, a Notice of Appeal to the Supreme Court of Appeals of Virginia appealing from the dismissal of his petition for writ of habeas corpus in the Circuit Court of Pittsylvania County, Virginia.

On October 11, 1969, the Circuit Court of Pittsylvania County, Virginia appointed an attorney to represent the petitioner in his appeal from denial of the petition for habeas corpus.

On September 4, 1970, the Supreme Court of Appeals of Virginia rejected Younger's petition for writ of error and affirmed the judgment of the Circuit Court of Pittsylvania County denying Younger's petition for a writ of habeas corpus.

Younger then filed a petition for writ of habeas corpus in this court alleging the following grounds for relief:

1. "the evidence was insufficient to substantiate the conviction;"
2. "ineffectively represented by counsel;"
3. "denied the right to appeal the conviction;"
4. denied "the right to a copy of the transcript of the records;"
5. "The court denied me the right to present oral testimony at any time since being tried and convicted.";

6. "If the child was considered to be an idiot by the Judge and the Welfare Worker, how, then, could such a child be mentally competent to testify or identify her attacker?"

■ Grounds one, two, three, and five were raised by the petitioner in the state trial and appellate courts. Thus, the petitioner has exhausted his state remedies on these allegations. See Grundler v. State of North Carolina, 283 F.2d 798, 800 (4th Cir. 1960).

■ The petitioner's sixth ground is raised for the first time in the petition now before this court and has never been presented to the state courts of Virginia. Therefore, since petitioner has not exhausted his state remedies as required by 28 U.S.C. § 2254, this court will not consider the petitioner's sixth ground which alleges incompetency of a minor witness.

Petitioner's first ground, that the evidence at his trial was insufficient to substantiate his conviction, is patently frivolous. At his trial in the Circuit Court of Pittsylvania County, the petitioner pleaded guilty to the charge of rape. The petitioner has never alleged that his guilty plea was not voluntarily made.

In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court of the United States stated:

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."

■ Thus, petitioner's allegation of insufficiency of evidence raises no issue since his guilty plea made unnecessary any proof of the crime. See Hunt v. United States, 237 F.2d 267 (4th Cir. 1956).

■ The guilty plea aside, the record shows there was sufficient evidence to sustain his conviction. The record includes the notes made by the trial judge which establish that the petitioner admitted having intercourse with the child.

The petitioner has never challenged the voluntariness of this admission. Dr. G. V. Thompson testified that the vagina of the victim had been torn and entered. Seven photographs of the room in which the child was assaulted were introduced into evidence showing blood upon the bed and floor.

In Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969), the court stated:

"When the sufficiency of the evidence supporting a state conviction is challenged by way of federal habeas corpus, the sole constitutional question is whether the conviction rests upon any evidence at all."

The unchallenged admission of the petitioner, corroborated by the physical evidence of the crime, goes far beyond the requirement of "any evidence at all."

■ In his petition before this court, Younger alleged as his second ground: "ineffectively represented by counsel." The petitioner offered no facts to support this allegation. However, in his petition for writ of habeas corpus before the state court, Younger alleged:

"Appointment of Counsel on trial-day is illegal and unlawfully Appointed And Grounds for Release."

Since the petitioner has exhausted his state remedies upon this ground by alleging as factual support that his counsel was appointed on the day of trial, this court will accept this allegation of fact as supporting his present petition. This ground may be disposed of by noting that the record shows that on July 7, 1958, the day the petitioner was indicted and fifteen days prior to trial, the Circuit Court of Pittsylvania County appointed a competent attorney to represent the petitioner. On July 14, 1958, the petitioner's attorney moved the court to order an examination of the petitioner to determine if he was mentally competent to stand trial. On that same date, pursuant to § 19.1–228 of the Code of Virginia, the court appointed three physicians to examine the petitioner as to his mental condition. On July 22, 1958, after being found competent to stand trial, the petitioner appeared in court with his counsel and after consultation with counsel, pled guilty. The record shows that petitioner's allegation of appointment of counsel on the day of trial is at best a product of petitioner's imagination. Indeed, all the inferences from the record show that the court appointed attorney's representation of petitioner was more than adequate.

■ As his third ground for relief, the petitioner alleges that he was denied the right to appeal his conviction. Nothing in the record indicates that the petitioner ever expressed any desire to appeal his conviction. The petitioner does not allege that he ever notified anyone that he wished to appeal his case.

In Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969), after a plea of not guilty, the court held:

"* * * we think it follows that an indigent defendant is entitled to have counsel after his trial has been concluded for at least as long as it is necessary for counsel to advise him of his right to appeal, the manner and time in which to appeal and whether an appeal has any hope of success, unless counsel has provided advice as to the right to appeal and the manner and time in which to appeal prior to the conclusion of trial, or unless the trial court has advised the defendant in the latter regard and shouldered the burden which is otherwise that of counsel. * * * if the omissions of counsel have not been supplied by advice imparted by the trial court as to the right to appeal and the manner and time in which to appeal, a defendant's Sixth Amendment right, as made applicable to the states by the Fourteenth Amendment, has been violated."

As support for this decision, the Fourth Circuit noted that the Tenth Circuit reached basically the same result in Wynn v. Page, 369 F.2d 930 (1966). As noted, in both *Nelson* and *Wynn*, the state prisoners had pleaded not guilty to the offenses charged. In Crow v. United States, 397 F.2d 284 (1968), a de-

cision under Federal Rules, and not mentioned in *Nelson*, the Tenth Circuit had the opportunity to apply its ruling in *Wynn* to a case involving a plea of guilty. However, in *Crow*, the Tenth Circuit stated:

"The appellant was represented by counsel and pleaded guilty. The court did not advise him of a right to appeal. We believe the court was under no obligation to do so. Although the 1966 amendments to the Rules of Criminal Procedure were not then in effect, the new Rule 32(a) (2) requires notification of the right to appeal only in a case which has gone to trial on a plea of not guilty. No persuasive reason exists for the application of a different principle under the old rule." *Crow* at p. 285.

The same subject has recently been discussed by *dicta* and inference by the Chief Judges of the Eastern and Western Districts of Virginia in Taylor v. Cox, 315 F.Supp. 1316 (E.D.Va.1970), and St. Clair v. Cox, 312 F.Supp. 168 (W.D.Va.1970). Neither case dealt with a *Nelson* type situation where the defendant was not advised of his right to appeal after a plea of not guilty.

In *St. Clair*, the defendant alleged his attorney failed to file an appeal after a plea of guilty, although requested to do so. The court denied the writ because petitioner had alleged no jurisdictional defects in the criminal proceeding in accordance with Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). The court then went on to state: " * * * presumably [*Nelson*] will also be applied to guilty pleas." *St. Clair*, 312 F.Supp. at p. 171.

In *Taylor*, after a plea of not guilty, the court found as a fact that the attorney had no recollection of any advice to the petitioner who did have independent knowledge of his right to appeal. While the court based its denial of the writ on its finding that *Nelson* was not retroactive, it discussed the federal rules as construed in the unreported case of Howard v. United States, (4th Cir.Mem.Dec. No. 14,030, 1970), which it is said requires

federal district judges to advise a defendant of his right to appeal following a plea of guilty, and pointed out a prospective rules change to overrule *Howard*.

While the writer is in the minority as noted in *Taylor* at p. 315 in that he follows *Howard* in advising defendants as to their right to appeal after a plea of guilty, he also has consistently held that there is no abstract constitutional obligation to advise defendants of a right to appeal in all instances after a plea of guilty. See Lester v. Peyton, 303 F. Supp. 364 (W.D.Va.1969); Kellam v. Cox, 309 F.Supp. 1075 (W.D.Va.1970).

Some of the cases on the subject differentiate between state action on the part of a court, and lack of professional competence on the part of the attorney, in failing to impart the advice. The petition here is broad enough to cover either duty if such exists. No case has been found which requires, in all instances, as a constitutional duty, that a trial judge or the defense attorney advise a defendant he has the right to appeal after a guilty plea. To the extent, if any, that the *dictum* in *St. Clair* may not be consistent with this opinion, I am in respectful disagreement.

■■ It is, then, the opinion of the court that there is no constitutional duty, *in all instances*, for either the trial judge or the defense attorney to advise the defendant of his right to appeal after a plea of guilty. It is conceivable that under certain strained circumstances such a duty on the part of the attorney or the trial judge might exist. See, for example, Tilton v. Commonwealth, 196 Va. 774, 85 S.E.2d 368 (1955), but no such circumstances are here claimed. The Supreme Court, in its rule making capacity, has not seen fit in F.R.Cr.P. 32 to require district judges to advise defendants of a right to appeal after a plea of guilty, although the advice is required after a not guilty plea. Prior to *Nelson*, there was no such constitutional duty, even after pleas of not guilty, on the part of the attorney. Allred v. Peyton, 385 F.2d 360 (4th Cir. 1967). It is the

opinion of the court that advising a defendant of the right to appeal in all instances after a guilty plea, which has not been accorded the dignity of a place in the federal rules of criminal procedure, should not be elevated to constitutional significance. It is further the opinion of the court that *Nelson* does not apply in all instances after guilty pleas, but, if at all, only in those cases in which the absence of such advice would constitute, as a matter of fact, ineffective representation of counsel under established standards. The bare assertion, after a plea of guilty, that a prisoner was not advised of a right to appeal, even if true, does not state constitutional infirmity. Having decided that *Nelson* does not apply to the fact situation in this case, it is not necessary to decide whether or not the rule of that case is retroactive. Thus, petitioner's third ground is without merit.

■ Petitioner's fourth ground is that he was denied "the right to a copy of the transcript of the records." Although this ground was not raised in the state trial court and petitioner has not exhausted his state remedies concerning it, a word on this matter is not amiss.

In United States v. Glass, 317 F.2d 200 (4th Cir. 1963), the court stated:

"*  *  * An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."

Accord, Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 216, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964).

Not only has the petitioner made no showing of need for a transcript, there is nothing in the record to indicate that he has ever requested that he be furnished a transcript. Therefore, the petitioner's allegation of denial of a transcript would not be well taken even if properly presented.

Petitioner's fifth ground is that he was denied "the right to present oral testimony at any time since being tried and convicted."

In Arey v. Peyton, 209 Va. 370, 372, 164 S.E.2d 691, 693 (1968), the Supreme Court of Appeals of Virginia discussed the requirement of an evidentiary hearing in state habeas corpus proceedings, stating:

"In some cases the allegations of a petition for habeas corpus are patently frivolous and plainly do not justify judicial inquiry. *  *  * Cf. Morris v. Smyth, 202 Va. 832, 834, 120 S.E.2d 465, 466. In such cases a full evidentiary hearing may not be required.

"If the records of petitioner's criminal trials contained matter sufficient to refute the essential factual allegations of his habeas corpus petition, the court below did not err in not allowing him to present evidence concerning those allegations."

See also 1968 amendment to Va.Code § 8–596, and Townsend v. Sain, infra.

■ In its order dismissing Younger's petition for writ of habeas corpus in the Circuit Court of Pittsylvania County, the court held that the petitioner's allegations could be fully determined on the record. Thus, there was no requirement that the petitioner be given a hearing upon his petition before the state court. This court agrees with the holding of the state court.

For the above stated reasons, this court finds that the petitioner is not being detained in violation of the Constitution or laws of the United States.

The state record in this case discloses that all facts necessary for the determination of the petitioner's contentions have been fully and fairly developed and no further hearing is required. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

An order is this day entered dismissing the petition.