Albert Lee **WILLIAMS**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 31144.

United States Court of Appeals, Fifth Circuit.

May 11, 1971.

Albert Lee Williams, pro se.

William Stafford, U. S. Atty., Pensacola, Fla., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

This appeal is taken from an order of the district court denying the motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by a federal prisoner. We affirm. On the claim of ineffectiveness of counsel, we apply the standard of MacKenna v. Ellis, 280 F.2d 592 (5th

Cir. 1960), and its progeny,[1] that counsel does not mean errorless counsel or counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. The conclusion of the District Court that the record does not show ineffective counsel is correct and must be affirmed.

On all other issues we affirm for the reasons expressed by the District Judge in his opinion, which is appended hereto.[2]

## APPENDIX

### In the

United States District Court for the Northern District of Florida Pensacola Division

Albert Lee Williams, #17681,

Petitioner,

versus

United States of America,

Respondent.

### ORDER

This cause is before the Court on motion pursuant to 28 U.S.C. § 2255 attacking a sentence imposed by this Court. It appears that petition to proceed in forma pauperis should be granted.

Petitioner, failing to appear for scheduled rearraignment, was arrested on January 26, 1970, and taken to Escambia General Hospital for treatment of gangrene in his right hand. On January 28, 1970, Petitioner was re-arraigned on an indictment containing four (4) counts involving interstate transportation of a stolen motor vehicle, stolen and forged securities, and articles used in counterfeiting. 18 U.S.C. §§ 2312 and 2314. (Prior conviction following jury verdict of guilty on these charges was reversed on appeal, Williams v. United States, 412 F.2d 729 (5 Cir. 1969). He entered a plea of not guilty to all four counts. However, the next day, January 29th, he again appeared in court, stating that he wished to change his plea. On that day he pled guilty to one count, and the other three were dismissed on motion of the United States attorney. At all times Petitioner was represented by counsel.

Petitioner now alleges numerous grounds for relief. However, his plea of guilty, if voluntarily and understandingly made is conclusive as to his guilt, admitting the facts as charged and waiving all non-jurisdictional defects in the prior proceedings against him. Chambers v. Beto, 428 F.2d 791 (5 Cir. 1970); Howard v. United States, 420 F.2d 478 (5 Cir. 1970). A plea is not rendered involuntary because it was induced as a result of a plea bargaining situation. Schnautz v. Beto, 416 F.2d 214 (5 Cir. 1969); Cortez v. United States, 337 F.2d 699 (9 Cir. 1964). And, if an accused has counsel and relies on the best professional advice that counsel can give, he cannot later urge that his plea of guilty was due to counsel coercion. Schnautz v. Beto, supra.

Petitioner alleges, however, that his counsel rendered ineffective assistance. Such a charge cannot be sustained unless it clearly appears well-grounded. It is necessary to show that the trial was a farce or a mockery of justice, or that the purported representation was only perfunctory, a sham, in bad faith, a pretense, or without adequate opportunity for preparation. Busby v. Holman, 356 F.2d 75 (5 Cir. 1966); Williams v. Beto, 354 F.2d 698 (5 Cir. 1965). The record in Petitioner's case refutes this charge. Additionally, Petitioner complains that his coun-

---

1. *E. g.*, United States v. Sinclair, 438 F. 2d 50 (5th Cir. 1971); Pennington v. Beto, 437 F.2d 1281 (5th Cir. 1971); Colson v. Smith, 438 F.2d 1075 (5th Cir. 1971); King v. Beto, 429 F.2d 221 (5th Cir. 1970); Caraway v. Beto, 421 F.2d 636 (5th Cir. 1970).

2. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

sel did not inform him of his right to appeal. There is no necessity to advise a defendant of any right to appeal after a guilty plea. Boyes v. United States, 354 F.2d 31 (5 Cir. 1965); Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732 (D.C.App.1965).

Petitioner further contends that his plea was involuntary, having been made out of ignorance and inadvertence due to the judge's failure to comply with Rule 11 of the Federal Rules of Criminal Procedure and that he failed to satisfy himself that there was factual basis for the plea and that it was entered voluntarily, as required by McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The Court has had prepared the transcript of Petitioner's arraignment and sentencing, and such, together with a copy of the waiver and consent signed by him and approved by the Court, is made a part of this file. The transcript conclusively refutes this contention.

■ Petitioner also alleges that his plea was involuntary because he lacked competency at the time due to being under the influence of narcotics administered to him in the hospital. Incompetency due to drugs requires the application of the same principles as a claim of mental incompetency. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1962); Alexander v. United States, 290 F.2d 252 (5 Cir. 1963). The Court has obtained Petitioner's medical records from Escambia General Hospital for the period in question. Such supplementary report is being made a part of this file.

Petitioner was under the constant care of a physician. Although some drugs were prescribed for pain, the doctor, in his summary of Petitioner's present illness stated that Petitioner was in very little pain. In the Orders for Treatment there appears on January 27, 1970, the notation "OK to go to court in AM", and on January 29, 1970, the day before the Petitioner entered his guilty plea the notations "May go to court today" and "May go to court in

AM". Petitioner's physician appeared in court with him at sentencing on January 30, 1970, speaking for him both in open court and with the judge in chambers. At no time was there any indication or suggestion from Petitioner, his doctor, or his attorney, that Petitioner was incompetent to enter a plea. Both at arraignment and sentencing Petitioner was lucid, rational, and in full control of his faculties. In this connection the Court notes that the records indicate that Petitioner was a known drug addict and that the Court was aware of this at the time of arraignment and sentencing. However, no mention or indication was made at that time that Petitioner's drug addiction affected his competency to plead, nor does Petitioner so allege in his motion. On interview by the probation officer on January 29, 1970, following entry of his plea of guilty on that date, he appeared alert, knowledgeable and rational, as shown by the probation officer's report supplementing the prior presentence investigation. Such supplementary report is being made a part of this file.

■ In abbreviated summary, the record presents this picture. Gangrene, resulting from demerol shot into his artery by this Petitioner, had placed his life in danger, causing concern to his counsel, the Court and his physician. All tried to help him. As the record shows, he was grateful at time of sentencing. While his gratitude may have been short lived, his expression of it evidences his mental comprehension, and his competence. His problem was physical, and not mental, in nature. Undoubtedly his physical problem gave him concern; undoubtedly, also, his plea of guilty was entered knowingly and intelligently, with full and rational understanding of the nature of the charge and the consequence of the plea, and this Court so finds and holds. His attorney worked out a plea bargaining situation with the United States Attorney, he pled guilty to one count and the other three were dismissed. The record leaves no doubt regarding his competency.

Although it is well recognized that a claim of incompetency at the time of trial or entry of a plea, if supported by any credible factual allegations, is not to be considered frivolous, the Court may reject such a claim without a hearing if it is conclusively refuted by the record. Smith v. United States, 431 F. 2d 565 (5 Cir. 1970); Howard v. United States, supra; Todd v. United States, 418 F.2d 134 (5 Cir. 1969).

Petitioner contends also that he "had to plead guilty in order to obtain medical services which were necessary to save Petitioner's life". The transcript of the arraignment at page 14 indicates that even before Petitioner entered his guilty plea surgery on his hand was already scheduled for either the following Monday or Friday. The Medical Orders for Treatment show that Petitioner was transferred to the surgery ward on January 28, 1970, the day prior to the entry of the plea. The record, therefore, refutes this charge.

Petitioner alleges that the statutes under which he was indicted, 18 U.S.C. §§ 2312 and 2314, are unconstitutional. Former section 408 of Title 18, containing language almost identical to section 2312 has previously been held constitutional. Brooks v. United States, 267 U.S. 432, 45 S.Ct. 345, 69 L.Ed. 699 (1925). Former section 415, now covered by section 2314, has been held constitutional. Russell v. United States, 119 F.2d 686 (8 Cir. 1941). Section 2314 merely enumerates in greater detail the various items now covered by the statute.

Petitioner's claims are conclusively refuted by the files and records in this case, he is entitled to no relief, and no evidentiary hearing is required. 28 U. S.C. § 2255; Sanders v. United States, supra; Smith v. United States, supra; Howard v. United States, supra.

Therefore, it is

Ordered:

1. The transcript of Petitioner's arraignment and sentencing, a certified copy of the waiver and consent signed by Petitioner, the medical records from Escambia General Hospital and the copy of report of the probation officer referred to herein are hereby made a part of the file in this case.

2. Petition to proceed in forma pauperis is hereby granted.

3. Petition to vacate sentence is hereby denied.

4. The Clerk of this Court is hereby directed to mail copies of this order to Petitioner and to Respondent.

Done and ordered in Chambers at Pensacola, Florida, this 30th day of November, 1970.

(Signed) WINSTON E. ARNOW
Winston E. Arnow
Chief Judge