**David Thomas CAREY, Appellant,**

v.

**Bobby J. LEVERETTE, Warden, West Virginia State Penitentiary, Appellee.**

**No. 79–6099.**

United States Court of Appeals, Fourth Circuit.

Submitted July 26, 1979.

Decided Sept. 17, 1979.

---

Charles M. Kincaid, Charleston, W. Va., on brief, for appellant.

Chauncey H. Browning, Atty. Gen., Gregory W. Bailey, Asst. Atty. Gen., Charleston, W. Va., on brief, for appellee.

Before BUTZNER, HALL, and PHILLIPS, Circuit Judges.

PER CURIAM:

David Carey appeals from a decision of the district court denying his petition for a writ of habeas corpus. The sole issue on appeal is whether the district court properly held that appellant's constitutional right to effective counsel was not violated when his attorney failed to inform him of his right of appeal following his plea of guilty to a charge of second degree rape in a West Virginia state court. We affirm.

In *Nelson v. Peyton,* 415 F.2d 1154 (4th Cir. 1969), this court required that an individual who was convicted following a plea of not guilty be informed of his right to appeal. In the decade since *Nelson* we have not been faced with the question of whether information on the right to appeal must also be given to an individual who has pled guilty. Other courts have held that failure to notify an individual of his right to appeal following a guilty plea does not in itself constitute ineffective assistance of counsel. *See Davis v. Wainwright,* 462 F.2d 1354 (5th Cir. 1972); *Williams v. United States,* 443 F.2d 1151 (5th Cir. 1971); *Farrington v. North Carolina,* 391 F.Supp. 714 (M.D.N.C.1975); *Younger v. Cox,* 323 F.Supp. 412 (W.D.Va.1971). *Accord Barber v. United States,* 427 F.2d 70 (10th Cir. 1970); *Crow v. United States,* 397 F.2d 284 (10th Cir. 1968). *But cf. United States v. Mancusi,* 275 F.Supp. 508 (E.D.N.Y.1967). Agreeing with these decisions, we conclude that there is no constitutional requirement that defendants must always be informed of their right to appeal following a guilty plea. We recognize that extraordinary circumstances might establish that the omission of advice actually denied a defendant due process of law. *See Younger v. Cox,* 323 F.Supp. 412, 416 (W.D.Va.1971) (dictum). Carey, however, has not shown any facts that would justify an exception to the general rule which we announce today.

Although appellant is a state prisoner, we note that the same conclusion would have been reached had he pled guilty to a federal crime. See Federal Rule of Criminal Procedure 32(a)(2); *Williams v. United States,* 443 F.2d 1151 (5th Cir. 1971); *Barber v. United States,* 427 F.2d 70 (10th Cir. 1970).

*AFFIRMED.*