This is an appeal from the denial of a petition for writ of error coram nobis after hearing. Appellant, Cannon P. Allison, was indicted for the offense of rape in the first degree, a Class A felony, § 13A-6-61, Code of Alabama 1975. The indictment was subsequently amended by agreement in open court so as to charge appellant with the offense of sexual abuse in the first degree, a Class C felony, § 13A-6-66. Appellant then pleaded guilty to the amended charge, and was sentenced on November 7, 1983, as a habitual offender, to serve fifteen years in the penitentiary.
Appellant contends that the trial court committed reversible error by failing to advise him, an indigent at the time, of his right to appeal his conviction. He further contends that the failure of his appointed counsel to advise him of his right of appeal amounted to a denial of his constitutional right to effective assistance of counsel. No notice of appeal was ever filed and no efforts made to perfect an appeal in appellant's case. Appellant claims that he was never told by anyone that he had a right to appeal his conviction. The trial judge did not advise appellant of his right to appeal, as required by Rule 9, Temporary Rules of Criminal Procedure. There is nothing in the record to indicate that appellant was advised of his appellate rights. His counsel could not remember specifically advising him of his right to appeal, but stated that it was his custom to do so in all such cases. He testified as follows: *Page 741 
 "Q. And do you have any independent recollection of advising him that he had the right to appeal?
 "A. I can only answer that by saying I don't have any independent recollection of telling Mr. Allison that. I do have a recollection that it is my absolute practice in every criminal case at the conclusion of a guilty plea or a finding of guilty to advise the defendant of their right to appeal and the time limit in which that appeal must be filed. And I do that in each and every case, but I can't say specifically that I recall this event three years ago.
". . . .
 "Q. Mr. Callaway, you don't have any independent recollection whether or not you advised him after his plea that he had a right to appeal, but it's your common practice in criminal cases to advise defendants of that?
 "A. I cannot. I can say conclusively that I cannot recall a case where I did not do that, but I cannot say that I absolutely recall stating that to Mr. Allison."
It has been held that failure to notify an individual of his right to appeal following a guilty plea does not in itself constitute ineffective assistance of counsel. Davis v.Wainwright, 462 F.2d 1354 (5th Cir. 1972); Williams v. UnitedStates, 443 F.2d 1151 (5th Cir. 1971); Younger v. Cox,323 F. Supp. 412 (W.D.Va. 1971); Carey v. Leverette, 605 F.2d 745
(4th Cir.), cert. denied, 444 U.S. 983, 100 S.Ct. 488,62 L.Ed.2d 411 (1979). There is no constitutional requirement that defendants must always be informed of their right to appeal following a guilty plea. Barber v. United States, 427 F.2d 70
(10th Cir.), cert. denied, 400 U.S. 867, 91 S.Ct. 108,27 L.Ed.2d 106 (1970); Younger v. Cox, supra; Davis v. Wainwright, supra. However, it has been held that extraordinary circumstances might establish that the omission of advice actually denied a defendant due process of law. Carey v.Leverette, supra.
Appellant also contends that the trial judge failed to undertake a factual inquiry to determine if his guilty plea was voluntarily made with an understanding of the nature of the charge and the consequences of the plea. He argues that the establishment of a factual basis in the record for the plea is particularly important where the guilty plea is coupled with claims of innocence.
The trial judge should be satisfied that there is a factual basis for a guilty plea, and this should be developed on the record. Clark v. State, 294 Ala. 485, 318 So.2d 805 (1974),cert. quashed, 294 Ala. 493, 318 So.2d 822 (1975), cert.denied, 423 U.S. 937, 96 S.Ct. 298, 46 L.Ed.2d 270 (1975);Atteberry v. State, 448 So.2d 425 (Ala.Cr.App. 1983), cert.denied, 448 So.2d 425 (Ala. 1984); Pierce v. State,484 So.2d 506 (Ala.Cr.App. 1985). Although a court may accept a guilty plea even if the defendant insists that he is innocent, guilty pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea and not until the judge has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence. NorthCarolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162
(1970); Willett v. Georgia, 608 F.2d 538 (5th Cir. 1979). InYoung v. State, 408 So.2d 199, 201 (Ala.Cr.App. 1981), we stated, "An accused may plead guilty without admitting the acts of the crime if he intelligently concludes that his interest so requires and the record strongly evidences guilt."
The record before us does not disclose a factual basis for appellant's plea. In fact, none was developed. When asked by the trial judge if he committed the crime for which he was pleading guilty, he answered that he had not. The record shows the following:
 "THE COURT: To the charge of sexual abuse in the first degree, how do you plead?
"MR. ALLISON: Guilty.
"THE COURT: Why do you say you are guilty? *Page 742 
 "MR. ALLISON: Well, I couldn't get no help, my witness wouldn't show up or nothing like that.
"THE COURT: Did you commit the crime.
 "MR. ALLISON: No, sir, I really didn't, but my record is so bad that I just don't want to take that chance. After he read the book to me, I just said I wouldn't take the chance.
 "THE COURT: Do you believe there is a factual basis for the plea, Mr. Callaway?
"MR. CALLAWAY: Yes, your Honor.
 "THE COURT: On your plea of guilty the Court adjudges you guilty."
Appellant was concerned that if he went to trial and was convicted he would receive a mandatory sentence of life without parole under the habitual felony offender act. He now contends that he was coerced by his counsel into pleading guilty.
The only reference in the record concerning a factual basis for the plea is the general statement of Mr. Callaway, appellant's appointed trial counsel, to the trial judge that he "believed" that there was a factual basis for the plea. No facts were before the trial judge which would have enabled him to resolve the conflict between appellant's plea of guilty and his claim of innocence. The record does not evidence guilt. The trial judge relied entirely on the general representation of defense counsel that he believed a factual basis existed.
A defense counsel's generalized admission or statement that a factual basis exists for a guilty plea will not meet the requirement for establishing a factual basis. United States v.Tucker, 425 F.2d 624 (4th Cir. 1970). The court in NorthCarolina v. Alford, supra, did not state just how strong a factual basis must be, but it would appear that when a pleading defendant denies the crime the factual basis must be significantly more certain than will suffice in other circumstances. 12 W. LaFave and J. Israel, Criminal Procedure, § 20.4 (1984). In such cases, there must be strong factual evidence presented to the trial judge which implicates the defendant. A mere assertion by defense counsel that a factual basis exists is simply not enough. See United States v. Tucker, supra.
We conclude that the trial court committed reversible error in accepting appellant's guilty plea without a judicial finding of an adequate factual basis for appellant's guilt, and had appellant timely appealed his conviction, we would have been compelled to reverse. Since the error is apparent on the record and no further proof thereof is necessary, appellant, in order to prevail in this coram nobis proceeding, must prove that he was advised neither by the court nor by his counsel of the right to take an appeal. Burden v. State, 52 Ala. App. 348,292 So.2d 463 (1974). After reviewing the record, and weighing the evidence in the light of the burden of proof placed upon appellant, we find that he has met this burden.
We, therefore, reverse and remand this cause with instructions to vacate the judgment of guilt on Allison's plea of guilty and to restore this cause to the proper docket for lawful disposition.
REVERSED AND REMANDED.
All Judges concur.