PATTERSON, Judge.
Langford appeals the trial court’s denial of his A.R.Crim.P.Temp. 20 petition for relief from conviction or sentence wherein he contested the validity of his 1981 conviction for first degree robbery, for which he received a 10-year sentence, and his 1987 convictions for second degree robbery (two counts), for which he received two concurrent 20-year sentences. All convictions rested upon pleas of guilty, and none were appealed.
As one of his grounds, Langford alleged that he was not advised, by his trial counsel or the trial court, of his right to appeal. Upon this allegation, he based his claim of ineffective counsel. This same issue was addressed in Allison v. State, 495 So.2d 739, 741 (Ala.Cr.App.1986), wherein the court observed the following:
“It has been held that failure to notify an individual of his right to appeal following a guilty plea does not in itself constitute ineffective assistance of counsel. Davis v. Wainwright, 462 F.2d 1354 (5th Cir.1972); Williams v. United States, 443 F.2d 1151 (5th Cir. 1971); Younger v. Cox, 323 F.Supp. 412 (W.D. Va.1971); Carey v. Leverette, 605 F.2d 745 (4th Cir.), cert. denied, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979). There is no constitutional requirement that defendants must always be informed of their right to appeal following a guilty plea. Barber v. United States, 427 F.2d 70 (10th Cir.), cert. denied, 400 U.S. 867, 91 S.Ct. 108, 27 L.Ed.2d 106 (1970); Younger v. Cox, supra; Davis v. Wainwright, supra. However, it has been held that extraordinary circumstances might establish that the omission of advice actually denied a defendant due *945 process of law. Carey v. Leverette, supra.”
In the instant case, Langford failed to allege, in his petition, any extraordinary circumstances which would have indicated that the omission of advice denied him any constitutional right. Moreover, upon Lang-ford’s other allegations, we can find no basis of error in the trial proceedings. See Allison.
The opinion in Burns v. State, [Ms. 6 Div. 272, June 9,1987] (Ala.Cr.App.1987), at first glance appears to stand for the proposition that the mere allegation by the petitioner that he was never advised of his right to appeal, after a plea of guilty, warrants an evidentiary hearing when that allegation is not denied or rebutted. However, we do not read Bums so broadly, in light of Allison; rather, we assume that in Bums the petitioner alleged extraordinary circumstances.
We have reviewed Langford’s other allegations and find them to be without merit. Accordingly, this cause is affirmed.
AFFIRMED.
All Judges concur.