983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Terry Wayne HURLEY, Defendant-Appellant.
 No. 92-6829.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 4, 1992
Decided: January 11, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-91-5-R, CA-92-25-R)
 Terry Wayne Hurley, Appellant Pro Se.
 Ray Burton Fitzgerald, Jr., Office of the United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 Affirmed.
 Before WIDENER, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Terry Wayne Hurley was convicted of drug possession and using or carrying firearms in connection with a drug trafficking offense, 21 U.S.C.A. § 841(a)(1), (b)(1)(C), (b)(1)(D) (West 1981 & Supp. 1992) and 18 U.S.C.A. § 924(c) (West Supp. 1992), respectively. Hurley did not appeal the conviction. However, Hurley moved for reduction of his sentence pursuant to 28 U.S.C. § 2255 (1988). Hurley claimed that he was entitled to relief because the evidence at trial was insufficient to support a finding of guilt on the § 924(c) charge, and because he was denied effective assistance of counsel.[1] The Government moved for dismissal of his motion. The district court gave Hurley notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and, following Hurley's response, granted the motion. Because we find that the district court did not err dismissing Hurley's three claims, we affirm.
 
 
 2
 Dismissal is properly granted only where, assuming the facts alleged by plaintiff to be true and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that plaintiff could prove no set of facts consistent with his allegations upon which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Hurley alleged, and the Government makes no attempt to refute, that the guns involved were: (1) part of a collection; (2) were unloaded; (3) were in an unlocked cabinet on the first floor of his residence; (4) were not actually carried or used during any drug transaction; (5) were not present in any transactions; and (6) that no transactions occurred inside his residence.
 
 I.
 
 3
 Sufficiency of the evidence is a constitutional claim, Jackson v. Virginia, 443 U.S. 307 (1979), and a defendant may only be convicted upon proof beyond a reasonable doubt. In re Winship, 397 U.S. 358 (1970). The standard of review is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319.
 
 
 4
 Hurley's contention that one must have actually used or carried a gun during a drug transaction in order to be convicted under § 924(c) is meritless. This Court has broadly construed the"use" element of § 924(c) to include mere possession during the commission of the predicate crime,[2] United States v. Paz, 927 F.2d 176 (4th Cir. 1991), the presence of a firearm to help facilitate the success of a crime, United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988), or even possession so as to "embolden" the actor during the commission of a crime, id.
 
 
 5
 A reasonable jury could find that the collection of unloaded guns in an unlocked cabinet in the residence of one possessing drugs with the intent to distribute those drugs constituted the"use" of those firearms in the drug trafficking crime. Thus, the district court properly dismissed Hurley's motion with respect to this claim.
 
 II.
 
 6
 Hurley made two claims of ineffective assistance of counsel. The effectiveness of counsel's performance is determined by subjecting the alleged errors to analysis under the two-pronged"error and prejudice" test of Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 7
 First, Hurley claims that his counsel erred in "allowing" Hurley to be brought to trial on the § 924(c) charge, because there was insufficient evidence to support the charge. The district court properly found that, because defense counsel has no control on what charges will proceed to trial, Hurley's counsel did not err in "allowing" the trial to proceed on the § 924(c) charge. Thus, the district court properly dismissed this claim.
 
 
 8
 Further, the court below did not err in its analysis of Hurley's second ineffective assistance claim. Hurley contended that he was not informed of his right to appeal his conviction. This Court has held that the failure to inform one of his right to appeal his conviction violates the right to effective assistance of counsel. Nelson v. Peyton, 415 F.2d 1154, 1156 (4th Cir. 1969), cert. denied, 397 U.S. 1007 (1970). If the trial court so advised Hurley, however, his counsel's failure to do so does not constitute ineffective assistance. Id. at 1158. The record reveals that the trial court advised Hurley of his right to appeal. Further, Hurley's own allegations reveal that he had been advised of this right by his own counsel.
 
 
 9
 Because the district court properly dismissed Hurley's claims, the district court's order is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Hurley alleged two instances of counsel's ineffective assistance. They are addressed in turn, infra
 
 
 [2]
 Section 924(c) comprehends the use of firearms during the commission of certain felonies, including possession with intent to distribute a controlled substance. 18 U.S.C.A. § 924(c)(2)