F I L E D
United States Court of Appeals
Tenth Circuit

FEB 20 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SONNY LAUREN HARMON,

Petitioner-Appellant,

v.

STEVE HARGETT, ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

Respondents-Appellees.

No. 96-6135

ORDER

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

On the court's own motion, we recall the mandate, withdraw the order and judgment filed on January 24, 1997, and vacate the judgment. A substitute order and judgment is filed this date.

Appellant filed a petition for rehearing which challenges portions of the order and judgment that are unaffected by this revision. The petition for rehearing is denied.

Entered for the Court
PATRICK FISHER, Clerk

By Ardell Schuler
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SONNY LAUREN HARMON,

      Petitioner-Appellant,

v.

STEVE HARGETT, ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 96-6135
(D.C. No. CV-95-190-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Sonny Lauren Harmon, a state prisoner appearing pro se and in forma pauperis, appeals from the district court's denial of his petition for habeas relief filed under 28 U.S.C. § 2254. We dismiss the appeal.

When petitioner filed his notice of appeal on April 5, 1996, the prerequisite to an appeal from the denial of a § 2254 petition was a certificate of probable cause. The district court denied petitioner's motion for a certificate of probable cause, and petitioner filed a motion for a certificate of probable cause in this court which has not been decided. With the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), the certificate of probable cause is replaced by the certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of constitutional right," see 28 U.S.C. § 2253(c)(2). Because the standards for obtaining a certificate of appealability are the same as the previous standards for obtaining a certificate of probable cause, we apply the amended statute to pending cases such as this one. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997). We conclude that petitioner has not made the required showing.

In March 1993, petitioner pled guilty in Cleveland County, Oklahoma, to a charge of escape from a penal institution. See R. Doc. 2, ex. 2 at 1. Petitioner was sentenced to three years' imprisonment, "to run consecutive to any term

defendant is currently serving and . . . also to run concurrent with Grady County Case # CF-92-160." Id. at 2. At the time of sentencing, petitioner was serving a sentence out of Garvin County and, unbeknownst to the Cleveland County district court or prosecutor, had also already been sentenced on the Grady County charge. Because the Grady County sentence had been ordered to run concurrent with the Garvin County sentence, the sentence on the Cleveland County charge could not be served as pronounced. Therefore, three months after entering the sentence, the Cleveland County court amended its sentence to run consecutively to both the Garvin and Grady County sentences.

Petitioner filed this petition for relief, which was denied. On appeal, petitioner contends that: (1) the sentencing court lacked jurisdiction to amend the sentence; (2) the trial court failed to properly advise him of his right to appeal the amendment and, as a result, he was denied an appeal through no fault of his own; and (3) he was denied effective assistance of counsel at the sentencing hearing.

Petitioner's claims of error are without merit. First, the state trial court's exercise of jurisdiction to amend petitioner's sentence raises a question of state law that we will not overturn unless it conflicts "with fundamental principles of liberty and justice." Ewing v. Winans, 749 F.2d 607, 609 (10th Cir. 1984), limited by Martinez v. Sullivan, 881 F.2d 921, 926 n.2 (10th Cir. 1989) (modifying Ewing on a point not relevant here). In this case, it clearly does not.

The record confirms that the parties intended that petitioner's Cleveland County sentence would run consecutive to any other sentence he was then serving, which actually included his Grady County sentence as well as his Garvin County sentence. The Oklahoma Court of Criminal Appeals determined that the Cleveland County court acted properly in amending its sentence. R. Doc. 2, ex. 12. We also have previously held "that courts have the power and the duty to correct judgments containing clerical errors or judgments issued due to inadvertence or mistake." Security Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1065 (10th Cir. 1980). Therefore, we find no error of constitutional dimension here.

Petitioner's second claim of error fails as well. The federal constitution does not require state courts to inform criminal defendants who plead guilty of their right to appeal. See Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989) (citing Crow v. United States, 397 F.2d 284, 285 (10th Cir. 1968). Further, a defense attorney's obligation to advise a defendant who has pled guilty of his appeal rights is limited to cases where: (1) a claim of constitutional error which could result in setting aside the plea is made; or (2) the defendant inquires about his appeal rights. See id. Neither situation exists in this case.

Because petitioner's claim of ineffective assistance of counsel is based on his first two claims of error and we have determined them to be without merit, his ineffective assistance claim fails as well.

Finally, petitioner asks us to order transcripts of the sentencing hearings. We see no reason to do so, as petitioner does not give any indication at all what they will show to effectively counter the state trial court exhibits that have already been provided.

Because petitioner has failed to make the required showing, he is not entitled to a certificate of appealability. Petitioner's application for a certificate of appealability is DENIED, and his appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge