**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KIRK K. COTTLE, a/k/a Curtis

No. 97-6171

Williams, a/k/a Kurt Cottle, a/k/a
Kurt Bullock, a/k/a K, a/k/a K Dog,
a/k/a Kool Aid,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-93-69-F, CA-96-956-5-F)

Submitted: December 17, 1997

Decided: February 6, 1998

Before MURNAGHAN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Kirk K. Cottle, Appellant Pro Se. Robert Edward Skiver, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kirk Cottle appeals the district court's order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). Cottle is incarcerated pursuant to his guilty plea to one count of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994), and one count of carrying a firearm, in violation of 18 U.S.C.§ 924(c) (1994). In this action, he challenges the validity of his conviction in light of the Supreme Court's decision in Bailey v. United States, ___ U.S. ___, 116 S. Ct. 501 (1995), the court's calculation of his sentence and failure to inform him of his appeal rights, and whether he received effective assistance of counsel.

Initially, we note that Cottle's reliance on Bailey is misplaced. In his plea agreement, Cottle explicitly admitted to carrying a firearm in relation to a drug trafficking crime. In fact, it appears from the record that Cottle himself insisted that the word "use" be struck from the plea agreement and the word "carry" inserted in its place to clarify that he carried but did not use the gun in question. As Bailey did not alter the construction of the "carry" prong of § 924(c), that decision has no affect on Cottle's conviction.

Cottle next contends that the district court erred by sentencing him for trafficking in "crack" cocaine, rather than powder cocaine. This claim is foreclosed by Cottle's voluntary waiver of his right to challenge his sentence directly or collaterally in his plea agreement. See United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Moreover, we note that the plea agreement plainly states that Cottle possessed with intent to distribute the "crack" form of cocaine. Because any challenge to Cottle's sentence on this basis would therefore have been frivolous, we reject Cottle's claim that his attorney's failure to make such a challenge constituted ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

2

Cottle's remaining contentions relate to his appeal rights. Contrary to Cottle's assertion, the district court bore no obligation to inform him of his appeal rights, in light of his guilty plea. See Federal Rule of Criminal Procedure 32(a)(2); Carey v. Leverette, 605 F.2d 745, 746 (4th Cir. 1979). In any event, Cottle was on notice as to his appeal rights because they were prominently discussed in his plea agreement.

Cottle further maintains, however, that his attorney refused to carry out his request that he file a direct appeal. If true, such failure would constitute ineffective assistance of counsel under our decision in United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). The record discloses conflicting evidence bearing on this issue. The Government provided an affidavit from Cottle's attorney stating that he and Cottle discussed the pros and cons of an appeal and that Cottle decided not to pursue an appeal. The record also contains, however, verified statements by Cottle directly contradictory to his attorney's affidavit.

Because the district court did not resolve this issue, we vacate the court's order and remand for the limited purpose of permitting the court to make the requisite factual findings. In all other respects, the order of the district court is affirmed. We therefore grant a certificate of appealability with respect to the Peak issue, but deny a certificate of appealability as to all remaining issues. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

3